Wentford H. LAMB *v.* STATE of Arkansas

CA CR 86-237                                      730 S.W.2d 252

Court of Appeals of Arkansas
Division II
Opinion delivered May 20, 1987

*Paul Petty* and *Robert Meurer*, for appellant.

*Steve Clark*, Att'y Gen., by: *Clint Miller*, Asst. Att'y Gen., for appellee.

JOHN E. JENNINGS, Judge. Wentford Lamb was convicted of DWI in Jacksonville Municipal Court. He appealed to circuit court and was again convicted. On appeal he argues that he was illegally arrested. We affirm.

Lamb was attempting to enter the Little Rock Air Force Base when he was stopped by Roger Allman, a security guard. Allman testified that Lamb swerved to miss some traffic cones and stopped. When Allman approached him he noticed that Lamb smelled of alcohol and his speech was slurred. Allman asked for and received permission to move Lamb's car. He then took Lamb to the guard shack, told him to stay there, and called the Jacksonville Police Department. He told Lamb that he was being detained for suspected DWI.

Sherry Jordan, a Jacksonville police officer, responded to the call. When she got there she advised Lamb of his rights and gave him a field sobriety test, which he did not pass. She then arrested Lamb for DWI and took him to the Jacksonville Police Department. He registered .23 on the breathalyzer test.

Lamb's argument on appeal is that Allman could not have validly arrested him because he was not a certified law enforcement officer under the provisions of Ark. Stat. Ann. §§ 42-1001—42-1009 (Repl. 1977 and Supp. 1985), and that Jordan

could not have validly arrested him as she had no jurisdiction on federal property.

Assuming that appellant is correct in his argument that he was illegally arrested, an illegal arrest is neither a bar to prosecution nor a defense to a valid conviction. *United States* v. *Crews*, 445 U.S. 463 (1980); *Webster* v. *State*, 284 Ark. 206, 680 S.W.2d 906 (1984); *Van Daley* v. *State*, 20 Ark. App. 127, 725 S.W.2d 574 (1987). It may constitute a basis for a motion to suppress, but that issue is not before us. Although this case may be superficially similar to *Brewer* v. *State*, 286 Ark. 1, 688 S.W.2d 736 (1985), that case is distinguishable. In *Brewer*, the supreme court reversed a DWI conviction where it was shown that the officer who charged the defendant was not qualified to issue the citation. Clearly here the citation was issued by Officer Jordan and there is no claim that she lacked authority to do so.

Affirmed.

CRACRAFT and COOPER, JJ., agree.