Earnie Lawrence PIPES *v.* STATE of Arkansas

CA CR 87-39                               738 S.W.2d 423

Court of Appeals of Arkansas
Division II
Opinion delivered October 28, 1987

*Henry & Mooney*, by: *Wayne Mooney*, for appellant.

*Steve Clark*, Att'y Gen., by: *Mary Beth Sudduth*, Asst. Att'y Gen., for appellee.

MELVIN MAYFIELD, Judge. Appellant Earnie Lawrence Pipes was convicted in a jury trial of aggravated assault of a police officer and sentenced to fifteen years. His sole contention on appeal is that his arrest was invalid because it was made by a deputy sheriff who had not met the minimum standards of training for police officers. This issue was raised in the trial court by a pretrial motion to dismiss. The motion was denied. We affirm the conviction.

■ Ark. Stat. Ann. § 42-1007 (Supp. 1985) provides as follows:

> (a) At the earliest practicable time, the Executive Commission shall provide, by regulation, that no person shall be appointed as a law enforcement officer, except on a temporary basis not to exceed one [1] year, unless such person has satisfactorily completed a preparatory program of police training at a school approved by the Executive Commission. A law enforcement officer who lacks the education and training qualifications required by the Executive Commission shall not have his temporary or probationary employment extended beyond one [1] year, by renewal of appointment or otherwise, unless extraordinary circumstances exist in the majority opinion of the Executive Body of the Commission whereupon the Commission may approve an extension of probation for no more than an eight (8) months period of time.

Section 42-1009 (Supp. 1985) provides that any action taken by an unqualified police officer "shall be held as invalid."

The record discloses that Deputy Sheriff "Jackie" Richardson arrested appellant on September 20, 1986. Richardson had been first employed by the Poinsett County Sheriff's office on April 16, 1984, as a jailer and he served in that capacity until June 16, 1986, when he became a deputy sheriff. There was evidence that as a jailer Richardson was not authorized to make arrests or otherwise function as a law enforcement officer. His duties were confined to serving as dispatcher, insuring that no weapons or contraband entered the jail, guarding prisoners, and transporting

prisoners to the state penitentiary.

Appellant contends, however, that any attempt to distinguish between Richardson and other deputies on the basis of duties is fallacious because Richardson's oath of office and identification card were identical to those of all other deputies, he wore the uniform and badge of a deputy, and he carried a gun. Appellant points out that Ark. Stat. Ann. § 12-1107 (Repl. 1979) provides that every deputy sheriff "shall possess all the powers of his principal, and may perform any of the duties required by law to be performed by the sheriff."

Appellant relies on *Brewer* v. *State*, 286 Ark. 1, 688 S.W.2d 736 (1985), as authority for the argument that the charges against him should have been dismissed. In that case, Brewer had been given a citation for DWI by two unsupervised auxiliary police officers. The Arkansas Supreme Court said that Ark. Stat. Ann. § 42-1403 (Supp. 1983) provided that any auxiliary law enforcement officer who was not supervised as required "shall not take any official action as a law enforcement officer and any action taken shall be held as invalid." The court also said that Ark. Stat. Ann. § 75-2508 (Supp. 1983) authorized law enforcement officers to charge a person with a misdemeanor DWI offense by issuing a citation, but since the auxiliary deputies involved were not properly supervised, their action in issuing the DWI citation was invalid. Hence, because Brewer was not charged by information or in open court, he could not be found guilty of a crime "with which he was never charged."

We think appellant's reliance on *Brewer* is misplaced. He contends that, since Deputy Richardson had not attended law enforcement training, the arrest made by him was invalid and the charges against appellant should have been dismissed. We do not agree that *Brewer* stands for this proposition. The conviction in *Brewer* was dismissed because he was not properly charged—not because he was not properly arrested. In the present case, the appellant was properly charged by an information filed by the prosecuting attorney. Furthermore, we think the appellant is mistaken in assuming that an invalid arrest mandates reversal of his conviction. As we recently stated in *Van Daley* v. *State*, 20 Ark. App. 127, 725 S.W.2d 574 (1987):

The appellant cannot challenge his own presence at trial or

claim immunity to prosecution simply because his appearance was precipitated by an unlawful arrest. An illegal arrest, without more, has never been viewed as either a bar to subsequent prosecution or a defense to a valid conviction. *United States* v. *Crews*, 445 U.S. 463 (1980); 5 Am. Jur. 2d *Arrest* § 116 (1962). In *Crews*, 445 U.S. at 474, the Supreme Court stated:

> The exclusionary principle of *Wongsun* and *Silverthorne Lumber Company* delimits that proof the Government may offer against the accused at trial, closing the courtroom door to evidence secured by official lawlessness. Respondent is not himself a suppressible "fruit," and the illegality of his detention cannot deprive the Government of the opportunity to prove his guilt through the introduction of evidence wholly untainted by police misconduct.

20 Ark. App. at 135. *See also Lamb* v. *State*, 21 Ark. App. 111, 730 S.W.2d 252 (1987).

■ An invalid arrest may call for the suppression of a confession or other evidence, but it does not entitle the defendant to be discharged from responsibility for the offense. *O'Riordan* v. *State*, 281 Ark. 424, 665 S.W.2d 255 (1984). Illegal arrest, standing alone, does not void a subsequent conviction. *Williams* v. *State*, 258 Ark. 207, 221, 523 S.W.2d 377 (1975).

Affirmed.

CRACRAFT and COOPER, JJ., agree.