The Honorable Jack Gibson State Senator P.O. Box 630 Dermott, Arkansas 71638
Dear Senator Gibson:
This is in response to your request for an opinion, on behalf of the Mayor of Eudora, with regard to holiday pay for police officers. Specifically, the mayor would like to know if dispatchers or any other employee of the police department should, by law, be included.
It is my opinion that only "law enforcement officers" are entitled to the holiday compensation provided by the statute.
The relevant statute is A.C.A. § 14-52-105 (Cum. Supp. 1991), which provides in pertinent part that:
 (a) All law enforcement officers regardless of their titles, such as city marshal, employed by cities of the first or second class or incorporated towns shall be compensated for all legal holidays established by the governing body of the municipality.
The statute above applies to "law enforcement officers" regardless of their titles. The question of whether particular employees of the police department are entitled to holiday compensation will thus turn upon whether they are "law enforcement officers."
The definition of this phrase is discussed in Op. Att'y. Gen. No.91-256, a copy of which is enclosed. It is stated therein that the phrase is generally defined as including persons whose duty it is to maintain the peace or public order, and to make arrests for offenses, or who is responsible for the prevention and detection of crime and the enforcement of the criminal, traffic, or highway laws of the state. It is these employees who are entitled to the benefits of the statute.
The Arkansas Supreme Court in City of Piggott v. Woodard,261 Ark. 406, 549 S.W.2d 278 (1977), in addressing the reason for granting holiday pay to law enforcement officers and not other employees stated:
 It must be remembered that because of the nature of their duties, policemen are required to work on holidays, or, at least are subject to call, for the public cannot be left without police protection. This situation is vastly different from that of a secretary or a clerk, other office help, or sanitation workers, as there could but rarely be occasion for the services of these personnel on a holiday.
261 Ark. at 411-412.
There may, of course, be closer cases that the distinction set out above between "office help" and police officers. The question of whether dispatchers are "law enforcement officers" is one of these cases. The city should determine whether a particular dispatcher is a "law enforcement officer" as that term is defined above, in determining whether he or she is entitled to holiday compensation. It should be noted, however, that the Court of Appeals has apparently referred to the job of "dispatcher," at least where it does not include the power of arrest, as not being characterized as a "law enforcement officer" position. Seegenerally, Pipes v. State, 22 Ark. App. 235, 738 S.W.2d 423
(1987).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh