Napoleon POLLARD *v.* STATE of Arkansas

CR 88-34                                          756 S.W.2d 455

Supreme Court of Arkansas
Opinion delivered September 12, 1988

*David L. Gibbons,* for appellant.

*Steve Clark,* Att'y Gen., by: *Theodore Holder,* Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. Appellant was convicted of theft of property having a value in excess of $2,500 and was sentenced to forty (40) years in prison and fined $15,000. He raises only one argument on appeal: the trial judge erred in denying appellant's motion in limine to suppress the use of his prior convictions for impeachment purposes under A.R.E. Rule 609. We find no error, and therefore we affirm.

On April 25, 1987, appellant and Pamela Renee Taylor were arrested for stealing jewelry from the Emporium Store in Russellville.[1] At appellant's trial, Patty Austin, the shop clerk working at the time of the theft, testified that the appellant and Taylor entered the store, and when they left, jewelry was missing from one of the cases. According to Austin, the appellant inquired about the prices of several pieces of furniture located at the back of the store, causing her to leave the jewelry counter where she usually stood. At the time, Taylor was looking in the jewelry cases. Austin said appellant further distracted her from observing Taylor when he kicked a box of soft drink boxes. Austin testified that during this distraction, she thought she heard one of the jewelry cases being opened. Austin noticed a tray of jewelry was missing at the same time the appellant and Taylor left the store; Austin called for them to stop, but they got into a car, at which time she saw appellant turn around and laugh. Later that day, the police apprehended the appellant and Taylor and found a ring tray and one ring in their vehicle.

At trial and after the state rested, the appellant renewed his motion in limine to prevent the state from cross-examining appellant with the use of three convictions he previously had received for grand larceny. The court denied appellant's motion, finding the case turned on the credibility of the witnesses and

---

[1] The trial judge granted the appellant's and Taylor's motion to sever the defendants, thus the appellant was tried alone.

ruling the prior convictions were more probative than prejudicial.[2] After the ruling, the appellant's attorney proffered his client's testimony, stating that the appellant had no idea that Taylor was going to take the jewelry and that the appellant would have had the jewelry returned if he had known.

Under A.R.E. Rule 609(a)(1), a witness's credibility may be attacked by admitting evidence that he or she has been convicted of a crime only if (1) the crime was punishable by death or imprisonment in excess of one (1) year under the law under which he was convicted; and (2) the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to a party or a witness. This court has recognized that Rule 609 concerns itself with the credibility of a witness who is offering testimony in the current case, and that admissibility must be decided on a case-by-case basis. *Smith* v. *State*, 277 Ark. 64, 639 S.W.2d 348 (1982). In determining the admissibility of such evidence, the trial court has wide discretion, and we will not reverse absent an abuse of discretion. *Id.; Young* v. *State*, 269 Ark. 12, 598 S.W.2d 74 (1980).

We find that the trial judge properly admitted the prior larceny convictions under Rule 609(a)(1). Appellant's proffered testimony most certainly would have placed his credibility in issue since his version of what occurred at the store at the time of the theft was at odds with the testimony given by the store clerk, Austin. Austin's testimony clearly implicated the appellant as playing a role in the theft of the jewelry. For example, she testified, "You know, he was obviously, I thought, trying to distract me and so I was trying to watch her (Taylor) too." As noted earlier, appellant's proffered testimony countered the state's evidence by indicating that he had no idea that Taylor was going to take the jewelry. Accordingly, we hold the trial court did not abuse its discretion in ruling that the probative value of admitting the evidence of the prior larceny convictions outweighed its prejudicial effect to the appellant. Therefore, we affirm.

---

[2] In his ruling, the trial judge also stated the larceny convictions should be admitted because larceny goes to truthfulness under Rule 609(a)(2). However, we need not address the correctness of the judge's reasoning in this respect since we ultimately hold that the judge correctly admitted the convictions by utilizing the required balancing test under A.R.E. Rule 609(a)(1).