CORBIN, C.J., and ROGERS, J., agree.

Roger Dale SIMS *v.* STATE of Arkansas

CA CR 88-276                                   766 S.W.2d 20

Court of Appeals of Arkansas
Division I
Opinion delivered March 1, 1989

*Richard B. Adkisson*, for appellant.

*Steve Clark*, Att'y Gen., by: *Lynley Arnett*, Asst. Att'y Gen., for appellee.

JOHN E. JENNINGS, Judge. On February 23, 1985, Roger Dale Sims shot and killed Charlie Parker in Kelley's Bar at the Morgan Interchange. Both men had been drinking; Parker, heavily. There was evidence from which the jury could find that the shooting was intentional. Sims was convicted of manslaughter and sentenced to ten years in prison.

Sims testified in his own behalf that he pulled the gun in self-defense and that it discharged accidentally. There was evidence that Parker had a reputation for violence, and that Sims knew it. On cross-examination the state asked Sims if he had been convicted of felony DWI. The court held that the probative value of the prior conviction outweighed its prejudicial effect and permitted the question. Sims admitted the conviction.

The sole issue on appeal is whether the trial court abused its discretion in admitting evidence of the prior conviction. *See Washington v. State*, 6 Ark. App. 85, 638 S.W.2d 690 (1982). We find no abuse of discretion and affirm.

Ark. R. Evid. 609 provides in pertinent part:

> Impeachment by evidence of conviction of crime. (a) General Rule. For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted but only if the crime (1) was punishable by death or imprisonment in excess of one [1] year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to a party or a witness, or (2) involved dishonesty or false statement, regardless of the punishment.

Sims' argument is that because a prior DWI conviction has no logical relevance as to credibility, the probative value of such conviction cannot outweigh its obvious prejudicial effect. This argument overlooks the fact that the principle embodied in Rule 609(a)(1) is based on an assumption that one who commits a

serious offense is, to some extent, less worthy of belief. *See Campbell* v. *State*, 264 Ark. 372, 571 S.W.2d 597 (1978); *Washington* v. *State, supra.* Offenses involving dishonesty are admissible under 609(a)(2) regardless of whether they are felonies or misdemeanors. Felony convictions may be admissible under 609(a)(1) regardless of their logical relation to dishonesty. *See, e.g., Washington* v. *State*, 6 Ark. App. 85, 638 S.W.2d 690 (1982) (prior murder convictions admissible in murder case); *Williams* v. *State*, 6 Ark. App. 410, 644 S.W.2d 608 (1982) (prior rape case conviction admissible in rape case); *Smith* v. *State*, 277 Ark. 64, 639 S.W.2d 348 (1982) (prior convictions of burglary and rape admissible in rape case).

The supreme court has held that these matters must be decided on a case by case basis. *Smith* v. *State, supra.* We have said that some of the factors that should be considered by the trial court are: (1) the impeachment value of the prior crime; (2) the date of the conviction and witness's subsequent history; (3) the similarity between the prior conviction and the crime charged; (4) the importance of the defendant's testimony; and (5) the centrality of the credibility issue. *Washington* v. *State, supra; Bell* v. *State*, 6 Ark. App. 388, 644 S.W.2d 601 (1982). In the case at bar, the offenses are dissimilar, the prior conviction is recent, and the credibility issue is central. We cannot say the trial court abused its discretion in admitting evidence of the prior conviction.

Affirmed.

CRACRAFT and MAYFIELD, JJ., agree.