James RICHARDSON *v.* STATE of Arkansas

CA CR 90-101 803 S.W.2d 557

Court of Appeals of Arkansas
Division I
Opinion delivered February 6, 1991

*Lynn Frank Plemmons*, for appellant.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

MELVIN MAYFIELD, Judge. Appellant James Richardson was convicted by a jury of the crime of rape and sentenced to ten years in the Arkansas Department of Correction.

Prior to trial, appellant filed a motion in limine asking that the "complaining witness" be prohibited from testifying, and that the "Prosecutor and prosecution witnesses" be prohibited from testifying concerning any prior convictions of the appellant. At a pretrial hearing held immediately before trial, appellant challenged the competency of the complaining witness (the victim) to testify due to lack of mental capacity and lack of ability to comprehend truth from falsehood. After hearing testimony from the victim and another witness, the trial court held that the victim "understands the obligation of the oath" and permitted her to testify.

On appeal the appellant first argues the court erred in allowing the victim to testify at the trial. Appellant contends the victim admitted she did not comprehend the difference between the truth and a lie; that she did not comprehend the obligation of the oath or the consequences of false swearing; and that she was merely "parroting" responses which she had learned would please the questioner. Appellant then points to the pretrial testimony of the other witness, a licensed professional counselor, who administered tests to the victim and testified they showed the victim had an intelligence quotient of 45 or 50. The counselor also testified she could not say whether the victim could comprehend the difference between truth and falsity.

In *Logan* v. *State*, 299 Ark. 266, 773 S.W.2d 413 (1989), the appellant, who worked at a school for developmentally handicapped children, was convicted of seven counts of rape by deviate sexual activity. At trial he challenged the competency of the victims to testify, and the trial court held six of the seven victims were competent. In affirming the trial court's ruling, the Arkansas Supreme Court said:

> A trial court must begin with the presumption that every person is competent to be a witness. A.R.E. Rule 601. The burden of persuasion is upon the party alleging that the potential witness is incompetent. To meet that burden the challenging party must establish the lack of at least one of the following: (1) the ability to understand the obligation of an oath and to comprehend the obligation imposed by it; or (2) an understanding of the consequences of false swearing; or (3) the ability to receive accurate impressions

and to retain them, to the extent that the capacity exists to transmit to the factfinder a reasonable statement of what was seen, felt or heard. *Jackson* v. *State*, 290 Ark. 375, 720 S.W.2d 282 (1986). The competency of a witness is a matter lying within the sound discretion of the trial court and, in the absence of clear abuse, we will not reverse on appeal. *Hoggard* v. *State*, 277 Ark. 117, 640 S.W.2d 102 (1982).

299 Ark. at 272. And in *Curtis* v. *State*, 301 Ark. 208, 783 S.W.2d 47 (1990), in affirming the trial court's holding that a young victim could testify, our supreme court said:

While it is true that the victim stated that she did not know what a lie was, nor what happens to a person when they tell a lie, her overall testimony showed her ability to understand the obligation of an oath and the consequences of false swearing. We cannot say that the judge abused his discretion in refusing to declare the witness incompetent.

301 Ark. at 213.

Here, the 14-year-old victim did tell the trial judge that she did not know what it means "to state you will tell the truth," but she said she would be in trouble if she did not tell the truth. Although she said that you can also get into trouble if you tell the truth, she said that a lie will "get you in the most trouble." The professional counselor's training was in the educational field rather than psychology, and she said the tests could be interpreted as showing the victim had a mental age of around six years. She also said she was not trained to make an assessment of whether someone could tell the difference between the truth and a lie. Giving due regard to the trial judge's superior ability to observe the victim, we cannot say he abused his discretion in finding her competent to testify.

Appellant next argues the trial court erred by improperly withholding its ruling on appellant's motion in limine regarding the admissibility of evidence of appellant's prior conviction. Appellant argues the trial court violated the guidelines set out in *Simmons* v. *State*, 278 Ark. 305, 645 S.W.2d 680, cert. denied 464 U.S. 865 (1983), and that he was forced to make the decision to testify not knowing whether the court would admit

evidence of a prior conviction.

■ At the pretrial hearing held immediately before trial it was disclosed that appellant had a prior conviction which involved the sexual abuse of a sibling of the victim. At that time, the trial judge said prior convictions could be used for impeachment if the prejudicial value did not outweigh the probative value of the evidence, but said he was withholding any ruling until the appellant testified. Then, after the state rested, defense counsel renewed his motion to exclude the prior conviction, and the judge said he could not rule at that time because he did not know "the context in which it will arise." The appellant then elected to testify and when the prosecuting attorney got to the point on cross-examination where he wanted to ask a question about the prior conviction he asked the trial court to rule on appellant's motion. In chambers, the court specifically found that the probative value of the evidence of the prior conviction outweighed its prejudicial effect and held the prior conviction evidence admissible.

We think the appellant's argument as to the trial court's failure to follow the guidelines set out in *Simmons* v. *State* is misplaced. In *Smith* v. *State*, 300 Ark. 330, 778 S.W.2d 947 (1989), the court said it was extending the *Simmons* rule and "now adopt the doctrine promulgated in *Luce* v. *United States*, 469 U.S. 38 (1984), which states that in order to raise and preserve for review the claim of improper impeachment with a prior conviction, a defendant must testify." The court said one reason it was necessary for the defendant to testify was because the reviewing court could not otherwise weigh the probative value of the impeachment evidence against its prejudicial effect. While the court also said the new rule would apply prospectively only, that opinion was handed down on November 6, 1989, and the present case was tried on December 12, 1989. Thus, under the rule in *Smith*, the trial court was not in error in waiting to rule on appellant's motion until he had testified.

It is also argued that the trial court erred in allowing the state to show the nature of the prior conviction where it was of a similar nature to the charge on which appellant was being tried. Appellant cites *Jones* v. *State*, 274 Ark. 379, 625 S.W.2d 471 (1981), where the Arkansas Supreme Court discussed Ark. R. Evid.

609(a)(1) which provides "for the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime [punishable by death or imprisonment in excess of one year] shall be admitted [if] the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to a party or a witness. . . ." The court held that under that rule evidence of a prior conviction of rape involving a little boy was not admissible to impeach the credibility of the defendant in that case where he was on trial for the sexual abuse of another young boy. The court said the prior conviction was not admissible because its prejudicial effect would outweigh its probative value. The court pointed out that there were two previous convictions for burglary and theft that could be used to impeach credibility and "proof of still a third conviction, for a similar assault upon a little boy, would have been of scant probative value as compared to its significantly prejudicial effect on the jury."

The *Jones* case, *supra*, was discussed in *Floyd* v. *State*, 278 Ark. 342, 645 S.W.2d 690 (1983), also cited by appellant, where the court said that Rule 609(a)(1) grants the trial court discretionary power to determine whether the probative value of the evidence of the prior felony conviction outweighs its prejudicial effect. The court said this provision was applied in *Jones*, where the appellant court held the evidence inadmissible, but the question involved had to be decided on a case by case basis. In *Floyd*, the appellate court said "when an accused, or a witness, takes the stand he may be asked on cross-examination how many times he has been convicted, within the applicable restrictions set forth under Rule 609."

Many cases have dealt with this rule of evidence, but it would probably serve no useful purpose to review them in detail. In *Pollard* v. *State*, 296 Ark. 299, 756 S.W.2d 455 (1988), the court said: "In determining the admissibility of such evidence, the trial court has wide discretion, and we will not reverse absent an abuse of discretion." 296 Ark. at 301. Also, in *Sims* v. *State*, 27 Ark. App. 46, 766 S.W.2d 20 (1989), we listed some factors that should be considered by the trial court in determining whether the probative value of the prior conviction outweighs its prejudicial effect to a party or witness. *See also Washington* v. *State*, 6 Ark. App. 85, 638 S.W.2d 690 (1982) (discussing the importance of

impeachment evidence when credibility is a crucial factor).

In the instant case, we do not think the trial court abused its discretion in admitting the evidence of appellant's previous conviction. Some factors which support that decision are (1) while it was shown the prior conviction was for statutory rape, it was not shown that it involved a sibling of the victim in this case, (2) the jury was instructed in the words of AMCI 203 that a prior conviction could only be used for the purpose of judging credibility and not as evidence of guilt, (3) the importance of appellant's credibility in this case where there were only two witnesses who knew what happened, and (4) the appellant's testimony that he had been alone in the house with the victim on many other occasions, from which the jury might infer that "nothing ever happened before."

Affirmed.

CRACRAFT, C.J., and ROGERS, JJ., agree.