## Phil CONLEY *v.* STATE of Arkansas

CR 90-240 · 808 S.W.2d 745

Supreme Court of Arkansas
Opinion delivered May 6, 1991

*John Wesley Hall, Jr.*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Senior Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. The appellant, Phil Conley, was convicted of illegal possession of a controlled substance. The state alleged Conley was an habitual offender. In the first phase of a bifurcated trial, the jury found Conley guilty. Evidence of prior convictions was admitted in the second or sentencing phase, and the jury sentenced Conley to eight years imprisonment. The Court disallowed Conley's request to be allowed to testify in the sentencing phase that he had been a cocaine addict when the offenses were committed but had placed himself in a rehabilitation program and had "kicked the habit." Conley contends the ruling was a needless encouragement to him to give up his right not to testify in the guilt-innocence phase of the trial, and thus was a violation of that right. We hold the trial Court did not err in refusing the testimony he proposed.

In *Heard* v. *State*, 272 Ark. 140, 612 S.W.2d 312 (1981), we wrote that the statute upon which the two-phase trial for alleged habitual offenders is based, Ark. Code Ann. § 16-90-205 (1987), contained no indication of a legislative intention to allow introduction of any proof in the sentencing stage other than proof to rebut the evidence of previous convictions. We noted that an accused person has the right to present mitigation testimony in the guilt-innocence phase. We pointed out that "[c]ertainly the hardened criminal is not entitled to preferential treatment, which he would receive if, after the finding of guilt, he could for the first time admit his guilt, and make a plea for leniency. The first offender has no similar opportunity."

In *Jones* v. *State*, 277 Ark. 345, 641 S.W.2d 717 (1982), which did not involve a bifurcated trial, we wrote:

> matters of mitigation of punishment are relevant and appropriate, within the court's discretion, for a jury's consideration in arriving at punishment. . . . [W]hen a witness . . . admits a previous conviction, he is not absolutely precluded from offering any explanation of the offense unless it tends to retry the case and demonstrate innocence.. . . [T]his is an issue of relevancy, and the trial court is permitted a wide range of discretion and will not be reversed absent an abuse of that discretion.

The *Jones* case was an expression of the law's willingness to permit introduction of evidence of mitigating circumstances. It did not address the problem often faced by the criminal defendant in deciding whether to testify as to mitigation, which may jeopardize his chances of being found innocent or not doing so and losing the effect of that testimony with respect to sentencing. Certainly the case stands for the proposition that, within limits, it is proper for an accused person to introduce evidence in mitigation, assuming it is done at the proper time.

From *Wasman* v. *United States*, 468 U.S. 559 (1984), Conley quotes a statement to the effect that a sentencing authority must be allowed to consider any information reasonably bearing on a proper sentence for a particular defendant. The statement is quoted in support of Conley's argument that his right to due process granted by the Fourteenth Amendment to the United States Constitution was violated as well as Ark. Const.

art. 2, § 8, basically his right not to incriminate himself and his right to present evidence in his own behalf.

In the *Wasman* case, the defendant had previously been convicted of the offense for which he was tried a second time. The original conviction was reversed. In the second trial, the judge gave a greater sentence than Wasman received in the first trial, and the judge specifically considered a conviction Wasman had received in the interim. The holding of the Supreme Court was that the trial court could consider the conviction. Thus, while we understand Conley's reference to the Court's rhetoric, the holding in the *Wasman* case does not support the argument.

Other Supreme Court cases cited are *United States* v. *Jackson*, 390 U.S. 570 (1968), and *Simmons* v. *United States*, 390 U.S. 377 (1968), in which it was held that a criminal defendant cannot be needlessly encouraged to give up a constitutional right or made to choose between asserting separate constitutional rights.

In the *Jackson* case, a federal statute made the death penalty available in kidnapping cases only if it were imposed by a jury. That meant an accused who chose to exercise his right to a jury trial faced a possible death sentence which could be avoided by relinquishing the jury trial right. In the *Simmons* case it was held an accused's testimony given in a pre-trial hearing on standing could not be used in the trial because, if it could be so used, an accused would have to choose between his Fourth Amendment right with respect to standing and his Fifth Amendment right not to testify.

An accused's right to testify in his or her own defense may not be limited in an unconstitutional manner, *Rock* v. *Arkansas*, 483 U.S. 44 (1987), and an accused, of course, has a right not to testify. In any criminal trial, however, the choice between exercising one of those rights or the other may become necessary.

We explained in *Heard* v. *State, supra,* that the purpose of a bifurcated trial is to protect the defendant by keeping evidence of prior convictions from the jury to assure that an accused person will not be convicted on the basis of his or her past record. In the sentencing phase, the state may only introduce evidence of prior convictions, and the accused may only introduce

evidence to rebut the existence of those convictions. Nothing in § 16-90-205 suggests the General Assembly intended anything else, and we know of no constitutional provision which requires the trial to be opened in the sentencing phase to evidence the accused could have but declined to present in the guilt-innocence phase.

Affirmed.

HOLT, C.J., and BROWN, J., dissent.

ROBERT L. BROWN, Justice. The time has come to reexamine our holding in *Heard* v. *State, supra.* Our statutes specifically provide for a separate hearing to fix punishment for those alleged to be habitual criminals:

> (2) If the defendant is found guilty, the same jury shall sit again and hear evidence of the defendant's prior conviction or convictions. However, the defendant shall have the right to deny the existence of any prior convictions and to offer evidence in support of this denial;

Ark. Code Ann. § 16-90-205(2) (1987). That language clearly does not authorize mitigation evidence. But at the same time it does not expressly preclude such evidence either. The majority opinion, when it holds that the accused may only rebut the existence of prior convictions, reads into this language a limitation that does not exist. By doing so it goes too far.

The truth of the matter is that some trial judges can and do allow multiple offenders to offer testimony in mitigation during the sentencing phase. And that is where the matter should lie — with the trial judges to determine the propriety, scope and relevance of such testimony. Here, the majority takes that discretion away and denies the testimony altogether on the premise that § 16-90-205 forbids it. I disagree.

Under our system of criminal procedure the jury for all intents and purposes sets the punishment for all offenders (unless trial by jury has been expressly waived by the offender). In cases where enhanced punishment is at issue and the sentencing phase is activated, the jury should have the benefit of all evidence in mitigation deemed relevant by the trial judge. This is especially true where the defendant has not previously testified. And

because a bifurcated procedure is already in place for habitual criminals, mitigation testimony should not unduly burden the process.

The trial judge, in the case before us, forbade mitigation testimony on the basis of *Heard* v. *State, supra.* Had he done so on the basis of his own discretion I would not object, since I believe the matter is best left to the discretion of the individual judges. But I cannot agree that our statutes eliminate mitigation testimony altogether in all cases for habitual criminals. To the extent that *Heard* v. *State, supra,* disallows such testimony in bifurcated trials, I would overrule it.

I respectfully dissent.

HOLT, C.J., joins.