Bruce Lamar DONALD *v.* STATE of Arkansas

CR 92-47                                                833 S.W.2d 770

Supreme Court of Arkansas
Opinion delivered July 6, 1992

*John Stratford*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Brad Newman*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. The appellant, Bruce Lamar Donald, was convicted and sentenced as a habitual offender for aggravated robbery and burglary. Donald argues the Trial Court erred by (1) failing to grant a directed verdict in his favor on both charges based on insufficiency of the evidence, and (2) allowing the State to impeach him with a prior burglary conviction. We find no error and affirm.

Michael Morris was sitting on the couch in his living room while his wife, Mary, was sleeping on the loveseat beside him. Morris testified a man, later identified as Bruce Lamar Donald, smashed the living room window with a carburetor which had been lying in the front yard. Donald entered the house through

the broken window and told Morris he had a gun and was going to kill him and take his money.

Morris got the carburetor away from Donald and struck him with it. Morris and Donald struggled on the floor until the police arrived. Mary Morris testified to the same facts. At trial, Morris and his wife identified Bruce Lamar Donald as the man who broke into their house and threatened them.

Donald explained in his testimony that he broke into the Morrises' house because he saw someone who had just stolen his wallet run inside the front door. Donald stated he did not intend to rob the Morrises, but only wanted to retrieve his stolen wallet. On cross-examination, Donald was impeached with his prior Florida convictions of burglary and lewd and lascivious assault.

Prior to trial, Donald moved *in limine* to prohibit the State from introducing his prior burglary conviction. The Trial Court ruled the burglary conviction was not so highly prejudicial that it could not be used for impeachment purposes. The jury found Donald guilty of the charges and sentenced him as a habitual offender to life imprisonment for aggravated robbery and thirty years imprisonment for burglary.

## 1. Substantial evidence

Donald's first point is that the Trial Court erred by failing to grant a directed verdict on the aggravated robbery and burglary charges. Donald argues there was insufficient evidence that he broke into the Morrises' house with the purpose of committing a theft or that he was armed with a deadly weapon. At the close of the State's case, Donald's motion for directed verdict was denied. Although Donald renewed his motion at the close of all the evidence as required by Ark. R. Crim. P. 36.21(b), he did not obtain a ruling.

■ We have consistently stated that the burden of obtaining a ruling is on the movant, and the failure to secure a ruling constitutes a waiver, precluding its consideration on appeal. *See, e.g., Terry* v. *State,* 309 Ark. 64, 826 S.W.2d 817 (1992); *Pacee* v. *State,* 306 Ark. 563, 816 S.W.2d 856 (1991); *Shaw* v. *State,* 299 Ark. 474, 773 S.W.2d 827 (1989).

## 2. 609(a)(1)

Donald's second point is that the Trial Court abused its discretion by allowing the State to impeach him with a prior burglary conviction committed in Florida. He argues allowing the State to impeach him with a crime which was the same as the charged offense was highly prejudicial.

Arkansas R. Evid. 609(a)(1) provides in part that,

> [f]or the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted but only if the crime (1) was punishable by death or imprisonment in excess of one year, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to a party or a witness.

The Trial Court has considerable discretion in determining whether the probative value of a prior conviction outweighs its prejudicial effect, and that decision will not be reversed absent abuse. *Tackett* v. *State*, 298 Ark. 20, 766 S.W.2d 410 (1989).

When a defendant chooses to testify, we have consistently allowed prior convictions to be used for impeachment, even when the convictions are of crimes the same as or similar to those charged. In *Griffin* v. *State*, 307 Ark. 537, 823 S.W.2d 446 (1992), we found no abuse of discretion when a defendant charged with burglary was impeached with a prior crime of burglary. *See also Polland* v. *State*, 296 Ark. 299, 756 S.W.2d 455 (1988) (no abuse of discretion when appellant charged with theft and impeached with prior conviction of grand larceny); *Simmons* v. *State*, 278 Ark. 305, 645 S.W.2d 680 (1983) (no abuse of discretion when appellant charged with capital felony murder with kidnapping as the underlying felony and impeached with prior conviction of kidnapping). We find no abuse of discretion in allowing Donald to be impeached with his prior burglary conviction.

Affirmed.