Bobby G. THOMAS v. STATE of Arkansas

CR 92-1474                                              868 S.W.2d 85

Arkansas Supreme Court
Opinion delivered January 18, 1994

*Keil & Goodson*, by: *John C. Goodson*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Brad Newman*, Asst. Att'y Gen., for appellee.

STEELE HAYS, Justice. Appellant Bobby G. Thomas was charged by information with the first degree murder of Mary Thomas, his wife, and with possession of a firearm by a felon. The jury returned a verdict of guilty of murder and sentenced Thomas as an habitual offender to life imprisonment. We affirm the judgment of conviction.

The single point of error assigned to the trial court concerns the denial of a motion in limine to prevent the use by the prosecution of a prior conviction for rape. The trial court ruled that if Thomas elected to testify in his own behalf the conviction could be used for purposes of impeachment. That ruling was proper.

The testimony established that Bobby Thomas killed his wife in the bedroom of their home on the afternoon of November 30, 1991. Mrs. Thomas died as the result of two gunshot wounds to the head from a 9mm semi-automatic pistol. Afterwards Mr. Thomas drove Mrs. Thomas's three children and a nephew to the home of Mrs. Thomas's mother. He then returned to his home and reported the homicide to the police. The pistol, three expended cartridges and a box cutter were found in the master bedroom.

Mrs. Thomas's son and a nephew testified Mrs. Thomas was in the bedroom. Mr. Thomas, they said, entered the bedroom with a gun in the back of his pants and closed the door. They heard three shots and Thomas emerged from the bedroom and ordered the children to get in the car. They could see Mrs. Thomas lying on the bed. She neither moved nor spoke.

Bobby Thomas testified the shots were fired in self-defense. He had told Mrs. Thomas the day before that he wanted a divorce. When he entered the bedroom he told her he had not changed his mind. Mrs. Thomas, he said, had a pistol in her hand. They struggled and the gun went off. Mr. Thomas wrestled the pistol from her. Mrs. Thomas then drew a box cutter and Mr. Thomas shot her. On cross-examination Thomas acknowledged an earlier conviction for the crime of rape.

Thomas contends the introduction of a prior criminal conviction is not allowed during the guilt/innocence phase of a bifurcated trial. He argues that the bifurcation is designed to protect the defendant from prejudice by preventing the jury from considering prior convictions until the defendant is found guilty. *Peters* v. *State*, 286 Ark. 421, 692 S.W.2d 243 (1985).

Arkansas Code Ann. § 16-90-205 (1987) and § 5-4-502 (1987) both address the bifurcated procedure for trials involving habitual criminals. Title 16 addresses judgment and sentencing generally, and Title 5 addresses disposition of offenders. Both § 16-90-205 and § 5-4-502 provide that evidence of prior convictions shall not be considered until after the defendant is found guilty. Nevertheless, § 16-90-205 contains a provision which states "nothing in this subdivision shall prohibit cross-examination of a defendant as to previous convictions when the defendant takes the stand in his own defense." *See Coleman* v. *State*, 256 Ark. 665, 509 S.W.2d 824 (1974)(use of prior conviction for impeachment purposes during guilt or innocence phase upheld based upon similar language found in § 16-90-205's predecessor). However, § 5-4-502 does not contain a corresponding provision. Although § 5-4-502 is the more recent of the provisions, the court has continued to quote § 16-90-205[1]. *See Griffin* v. *State*, 307 Ark. 537, 823 S.W.2d 446 (1992); *Conley* v. *State*, 305 Ark. 422, 808 S.W.2d 745 (1991), *cert. denied* 112 S.Ct. 218.

Further, A.R.E. 609 clearly allows the introduction of evidence of a prior conviction for the purpose of attacking the credibility of a witness. We have stated that when a defendant in a criminal case takes the witness stand in his own behalf his credibility becomes an issue. *Gustafson* v. *State*, 267 Ark. 278, 590 S.W.2d 853 (1979). In fact, in *Griffin, supra,* we upheld a trial court's decision allowing the introduction of prior convictions for impeachment purposes during a bifurcated trial. We concluded that a defendant did not have the right to waive the bifur-

---

[1] A basic and fundamental rule when considering the effect of both statutes and constitutional amendment is that repeal by implication is not favored and is not allowed except where there is a repugnancy between the former and later such that both cannot stand together. *Henslee* v. *Madison Guar. Sav. & Loan's Ass'n*, 297 Ark. 183, 760 S.W.2d 842 (1989).

cated trial procedure. *Id.* In reaching that decision, we said that a previously convicted defendant who testifies in his own defense runs a risk that prior convictions will be exposed to the jury twice, once during cross-examination and again during the sentencing phase of the bifurcated trial procedure. *Id.; See also Robinson* v. *State,* 295 Ark. 693, 751 S.W.2d 335 (1988); *Taylor* v. *State,* 9 Ark. App. 286, 658 S.W.2d 432 (1983). Thus, the introduction of a prior criminal conviction in order to impeach the defendant during the guilt or innocence phase of a bifurcated trial is not summarily barred.

■■ Bobby Thomas maintains the prejudicial effect of the introduction of the prior conviction outweighed the probative value. It is well established that the trial court has considerable discretion in determining whether the probative value of a prior conviction outweighs its prejudicial effect, and that decision will not be reversed absent abuse. *Griffin, supra.* Further, the court has recognized that A.R.E. 609 concerns itself with the credibility of a witness who is offering testimony in the current case, and that admissibility must be decided on a case-by-case basis. *Pollard* v. *State,* 296 Ark. 299, 756 S.W.2d 455 (1988). Thomas cites *Sims* v. *State,* 27 Ark. App. 46, 766 S.W.2d 20 (1989) in support of his argument. In *Sims, supra,* the Court of Appeals outlined the following factors which should be considered: (1) the impeachment value of the prior crime; (2) the date of the conviction and witness's subsequent history; (3) the similarity between the prior conviction and the crime charged; (4) the importance of the defendant's testimony; and (5) the centrality of the credibility issue. Thomas insists his prior conviction for rape has very little impeachment value since it occurred in 1971. He submits the current charge and prior conviction are similar under the *Sims* test since they are both of a heinous nature. Further, he reasons that the prior conviction should have been suppressed due to the importance of his testimony as the only witness.

■ The argument is without merit. Arkansas Rules of Evidence 609 provides in part:

> (a) General Rule. For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted but only if the crime (1) was punishable by death or imprisonment in excess of

one [1] year . . ., and the court determines that the proba-
tive value of admitting the evidence outweighs its preju-
dicial effect to a party or a witness, or (2) . . .

(b) Time Limit. Evidence of a conviction under this
rule is not admissible if a period of more than ten [10]
years has elapsed since the date of the conviction or of the
release of the witness from the confinement imposed for
that conviction, whichever is the later date.

Although the prior conviction was in 1971, the defense stip-
ulated that the release date was 1983 and thus within the ten year
limit of Rule 609. *Smith* v. *State*, 277 Ark. 64, 639 S.W.2d 348
(1982). Further, we have consistently allowed prior convictions
to be used for impeachment, even when the convictions are for
similar crimes to those charged. *Donald* v. *State*, 310 Ark. 197,
833 S.W.2d 770 (1992). In *Griffin, supra,* we held there was no
abuse of discretion when a defendant charged with burglary was
impeached with a prior conviction of burglary. Also, we have
allowed prior convictions to be used for impeachment where the
defendant's credibility is a central issue. *See Pollard, supra,* (no
abuse of discretion when a prior conviction was used to impeach
a defendant's testimony which clearly countered the state's evi-
dence). Indeed, in *Gustafson, supra,* we said that whenever a
defendant takes the witness stand in his own behalf his credi-
bility becomes an issue. Here the trial court weighed the preju-
dice and concluded the conviction could be used for impeachment,
instructing the jury to consider the fact only for that purpose.
The ruling was not an abuse of discretion.

The record has been examined in accordance with Ark. Sup.
Ct. R. 4-3(h), and the objections have all been abstracted and
certified by the state. There are no other rulings adverse to the
appellant which constituted prejudicial error.

Affirmed.