Paul Edward SCHALSKI *v.* STATE of Arkansas

CR 95-599                                        907 S.W.2d 693

Supreme Court of Arkansas
Opinion delivered October 9, 1995

64

*John Joplin*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Gil Dudley*, Asst. Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. Appellant, Paul Edward Schalski, appeals the judgment of the Sebastian County Circuit Court convicting him of rape and sentencing him as a habitual offender to sixty years imprisonment. Jurisdiction of this appeal is properly in this court pursuant to Ark. Sup. Ct. R. 1-2(a)(2). He raises four points for reversal, all of which involve admissibility of evidence. We find no error and affirm.

Appellant does not challenge the sufficiency of the evidence, so there is no need to repeat it in great detail. Essentially, the evidence showed that appellant offered the victim a ride home from a bar, told her he would take her to her friend's house, instead drove to a remote wooded area, where he held a knife to her throat and back and raped her orally and vaginally several times, beat her, bit her, kicked her in the groin with his cowboy boots, bruised her breasts and burned them with a cigarette. Appellant left the victim in the woods without her clothing. She made her way to a highway where someone picked her up, covered her and took her to the police station. In his own defense, appellant testified he did not commit the rape.

Appellant's first assignment of error is the trial court's ruling allowing the state to impeach appellant's credibility by introducing evidence of his previous conviction for false imprisonment. Appellant relies heavily on *Jones* v. *State*, 274 Ark. 379, 625 S.W.2d 471 (1981), a case in which the appellant was convicted of the sexual abuse of a nine-year-old boy. In *Jones*, this court held the trial court erroneously allowed the state to introduce evidence of Jones's prior conviction for the rape of a little boy. The *Jones* court concluded the prejudicial effect of the previous rape conviction clearly outweighed its probative value on

the issue of credibility, in part because sexual abuse of a child is such a particularly shameful and outrageous crime and in part because Jones had two previous convictions for burglary and theft that could have been used to impeach his credibility as a convicted felon. Appellant argues the crime of false imprisonment is similar to the present case in that the state showed the victim was taken into a secluded area and held against her will as she was raped and beaten. Furthermore, appellant emphasizes the state was also allowed to impeach his credibility with his prior conviction for theft by deception. Thus, appellant argues, his prior conviction for false imprisonment had scant probative value as to his credibility.

The case upon which appellant primarily relies, *Jones*, 274 Ark. 379, 625 S.W.2d 471, was overruled to the extent it was inconsistent with the ruling announced in *George* v. *State*, 306 Ark. 360, 813 S.W.2d 792 (1991). In *George*, this court considered the admissibility of prior convictions under A.R.E. Rule 404(b) and concluded that prior convictions of similar sexual abuse crimes are admissible under Rule 404(b) as probative of motive, plan or intent. However, the *George* court did not consider the issue before us today: the admissibility of prior convictions of similar crimes for impeachment purposes under A.R.E. Rule 609(a).

When a defendant in a criminal case testifies in his own behalf, his credibility is placed in issue, and the state may impeach his credibility by introducing evidence of prior felony convictions in accordance with Rule 609. *Thomas* v. *State*, 315 Ark. 518, 868 S.W.2d 85 (1994). The trial court has considerable discretion in determining whether the probative value bearing on credibility of a prior conviction outweighs its prejudicial effect, and we will not reverse that decision absent an abuse of discretion. *Id.* However, for prior convictions involving crimes of dishonesty, the trial court need not weigh the prejudicial effect against the probative value. *See Jones*, 274 Ark. 379, 625 S.W.2d 471.

The admissibility of a prior conviction for impeachment purposes is to be determined on a case-by-case basis. *Thomas*, 315 Ark. 518, 868 S.W.2d 85. Factors to consider include the impeachment value of the prior crime, the date of the con-

viction and the defendant's subsequent history, the similarity between the prior conviction and the crime charged, the importance of the defendant's testimony, and the centrality of the credibility issue. *Id.* This court has consistently allowed prior convictions to be used for impeachment purposes, even when the convictions are for similar crimes to those charged. *Id.* Even in *Jones*, 274 Ark. 379, 625 S.W.2d 471, this court acknowledged there may be instances in which proof of an earlier conviction for the same crime as the one on trial may be admissible. Rule 609 places limitations on the time and nature of the prior convictions used for impeachment and on their probative value, but does not place any limitation on the number of prior convictions that can be used for impeachment. *Simmons* v. *State*, 278 Ark. 305, 645 S.W.2d 680, *cert. denied*, 464 U.S. 865 (1983).

■ Considering the factors stated in *Thomas*, we find no merit to appellant's argument. The crime of false imprisonment has no sexual overtones of necessity and is therefore dissimilar to the crime of rape. Appellant was the only witness in his behalf, his testimony was therefore important. Because this was a rape case with only two witnesses, the victim and the rapist, the credibility of appellant's testimony as the accused rapist was a critical issue. Given the foregoing considerations and the absence of limitations on the number of admissible prior convictions, we cannot say the trial court abused its discretion in allowing impeachment by appellant's false imprisonment conviction.

Appellant's second assignment of error is the trial court's ruling allowing rebuttal testimony by the victim to identify appellant's voice. After appellant took the stand and denied committing the rape, the state recalled the victim who testified unequivocally that she heard appellant's testimony in court and that his voice was the voice of the person that raped her. Appellant contends this was improper rebuttal evidence because it was not in reply to any evidence offered in his case and should have been presented during the state's case-in-chief with the victim's in-court identification of appellant as the rapist.

■ This argument is without merit. This court has defined genuine rebuttal evidence as evidence offered in reply to new matters. *Pyle* v. *State*, 314 Ark. 165, 862 S.W.2d 823 (1993), *cert. denied*, 114 S. Ct. 1306 (1994) (quoting *Birchett* v. *State*,

289 Ark. 16, 708 S.W.2d 625 (1986)). Evidence is still catego-
rized as genuine rebuttal evidence even if it overlaps with the
evidence in-chief so long as it is responsive to evidence presented
by the defense. *Id.* The victim's voice identification in this case
was responsive to appellant's testimony that he did not rape her
and was therefore genuine rebuttal evidence. Identification was
a critical issue in this case. Rebuttal evidence is a discretionary
matter with the trial court, *Kellensworth* v. *State*, 275 Ark. 252,
631 S.W.2d 1 (1982), and we find no abuse of that discretion
here.

■      Appellant's third assignment of error is the admis-
sion of photographs of the victim taken at a hospital showing
her bruises and injuries. Appellant argues the photographs were
inflammatory and prejudicial and, because he did not dispute
that the victim suffered these injuries, not relevant to any issue
in the case. The state correctly points out that a defendant can-
not prevent the admission of photographs simply by conceding
the fact of the crime. *Strawhacker* v. *State*, 304 Ark. 726, 804
S.W.2d 720 (1991). Moreover, photographs of a rape victim's
injuries are relevant and admissible as proof of the element of
forcible compulsion. *Id.* Even inflammatory photographs are
admissible in the trial court's discretion if they tend to shed light
on any issue or enable the jury to better understand a witness's
testimony. *Hickson* v. *State*, 312 Ark. 171, 847 S.W.2d 691 (1993).

■      The trial court allowed the state to admit four pho-
tographs in this case. In its brief, the state describes these pho-
tographs as depicting different areas of the victim's body: State's
Exhibit 1 showed the victim's face with bite marks and a broken
nose; State's Exhibit 2 depicted knife wounds and scratches on
the victim's back; State's Exhibit 3 showed numerous scratches
on the victim's legs; and State's Exhibit 4 depicted yellow and
purple bruises on the victim's vaginal area. Despite the forego-
ing description, we are unable to address this issue fully because
appellant's abstract contains only photocopied black-and-white
reproductions of the photographs. Simply put, we cannot tell
what these photographs depict, and we certainly cannot tell
whether they were without probative value. Consequently, we
cannot say the trial court abused its discretion in admitting the
four photographs. *Burkhart* v. *State*, 301 Ark. 543, 785 S.W.2d
460 (1990).

As appellant's fourth and final assignment of error, he challenges the denial of his motion to suppress a police officer's observations of appellant's truck and photographs of the truck. Appellant contends the evidence was gained as a result of a pretextual arrest for failure to appear because the officer knew appellant was a suspect in a rape case. Appellant argues he was prejudiced because the testimony and photographs were important to the state's case since the victim had described in detail the truck the rapist drove and items contained in the truck. The trial court denied the motion to suppress because the officer was legally at the residence.

On appeal, the state does not attempt to justify admission of the challenged evidence. Rather, it argues appellant has not demonstrated prejudice resulting from the denial of appellant's motion to suppress. Specifically, the state contends the challenged evidence was cumulative of other evidence admitted without appellant's objection, namely the testimonies of Cami and Jason Patillo, and of appellant himself.

The victim described the truck her assailant drove as a black Ford pickup with a column shift and indoor-outdoor carpet in the floorboard. She also described two items hanging from the rearview mirror, an arrowhead and a plastic caterpillar that was changing into a butterfly. Cami Patillo testified she saw appellant's truck on the morning after the rape occurred. She stated she observed he had wrecked his truck and that an arrowhead and butterfly were hanging from the rearview mirror. Cami's husband, Jason Patillo, testified he saw appellant's truck on the morning after the rape occurred and observed large scratches on the exterior. He also noticed an arrowhead and a butterfly hanging from the rearview mirror. On cross-examination and without objection, appellant testified he had scratches on his truck and that he had a butterfly and arrowhead hanging from the rearview mirror.

██ Even assuming without deciding that the challenged evidence was erroneously admitted as the result of an illegal search, given the foregoing evidence, which was admitted without objection by appellant, we agree with the state that the challenged evidence was cumulative and therefore appellant has not demonstrated prejudice from its admission. Illegally obtained

evidence that is erroneously admitted is subject to the constitutional harmless error analysis. *Fahy* v. *Connecticut*, 375 U.S. 85 (1963). Before a federal constitutional error can be held harmless, this court must declare it harmless beyond a reasonable doubt. *Chapman* v. *California*, 386 U.S. 18 (1967) (*cited with approval in Pollard* v. *State*, 258 Ark. 512, 527 S.W.2d 627 (1975)). Given the fact that the challenged evidence was admitted at trial through four other witnesses, two of whom were disinterested and one of whom was appellant himself, we cannot say the challenged evidence might have contributed to the conviction. We therefore conclude it was harmless beyond a reasonable doubt. *See Hooper* v. *State*, 311 Ark. 154, 842 S.W.2d 850 (1992) (holding that similar evidence admitted without objection is cumulative and not prejudicial).

Appellant's four assignments of error are without merit. The judgment of conviction is therefore affirmed.