Bobby G. THOMAS *v.* STATE of Arkansas

CR 96-528    .    945 S.W.2d 939

Supreme Court of Arkansas
Opinion delivered June 2, 1997

*Appellant*, pro se.

No response.

PER CURIAM. In 1992, Bobby G. Thomas was found guilty in the Circuit Court of Miller County of murder in the first degree and sentenced as a habitual offender to life imprisonment.

We affirmed. *Thomas v. State*, 315 Ark. 518, 868 S.W.2d 25 (1994). Mr. Thomas subsequently filed in the trial court a timely petition pursuant to Criminal Procedure Rule 37 seeking to vacate the judgment. The petition was denied, and this court granted a belated appeal of the order denying relief. *Thomas v. State*, CR 96-528 (July 8, 1996). Appellant then sought a copy of the record to prepare his brief and an extension of time to file it. We granted an extension of time and directed that the record of the Rule 37 proceedings be forwarded to the Arkansas Department of Correction, which has custody of appellant, so that he could prepare his brief. The brief was due Saturday, January 18, 1997. On January 21, 1997,[1] appellant filed the motion which is now before us seeking another extension of time to file the brief and asking that we compel the Circuit Clerk of Miller County to forward a copy of the trial record to him.

Because the trial record is on file with this court, not the circuit court, we will treat that part of the motion asking that the circuit clerk be compelled to provide appellant with the trial record as a motion to this court for access to the trial record. The motion is denied because appellant does not state that there is any specific point which cannot be raised in the postconviction appeal without the trial record, or some portion of it, being provided to him. This court will not provide a copy of a trial record to facilitate a postconviction appeal without a showing that the record is necessary; that is, the appellant must set out specific anticipated points for reversal to be contained in the appellant's brief which cannot be properly raised without access to the trial record to prepare the abstract which underlies the points. Appellant has not made such a showing.

Appellant is granted an extension of thirty days from the date of this opinion to file the appellant's brief.

Motion granted in part and denied in part.

---

[1] Because the brief was due on Saturday when our Clerk's Office is closed and Monday, January 20, 1997, was a State holiday, the motion for extension of time was timely filed.