The Honorable Shane Broadway State Representative 201 S.E. 2nd Street Bryant, AR 72022-4025
Dear Representative Broadway:
You have requested an Attorney General opinion concerning the practice of physical therapy.
You indicate that Act 744 of 1997 amended the definition of "physical therapist," in the Arkansas Physical Therapy Act, so as to remove the general requirement that physical therapists practice under a referral from a "licensed practitioner."[1] See A.C.A. § 17-93-102(2), as amended by Acts 1997, No. 744, § 1. Act 744 of 1997 also contained a general repealer clause. Despite the Act's removal of the referral requirement that had been stated in A.C.A. § 17-93-102(2), the provisions of the Arkansas Physical Therapy Act governing the suspension and revocation of physical therapy licenses continue to state that licenses can be suspended or revoked on the grounds that the physical therapist has practiced without a referral. See A.C.A. § 17-93-308(a)(8).
In light of this apparent conflict, you have asked:
 Should the language of A.C.A. § 17-93-308(a)(8) [allowing the suspension or revocation of physical therapy licenses on the grounds of practicing without a referral] have been stricken as a result of the general repealer clause included in Act 744 of 1997?
RESPONSE
As I understand your question, you are asking whether the Code Revision Commission, in codifying A.C.A. § 17-93-308(a)(8) after the enactment of Act 744 of 1997, should have removed the reference to referrals, because of the general repealer clause of Act 744. It is my opinion that the Code Revision Commission did not have the legal authority to remove this reference. Nevertheless, it is my opinion that A.C.A. § 17-93-308 can reasonably be interpreted as though its reference to referrals was impliedly repealed by Act 744 of 1997.
Before explaining the basis of my opinion, I will set forth the provisions about which you have inquired.
Prior to the enactment of Act 744 of 1997, A.C.A. § 17-93-102(2) stated:
 "Physical therapist" means a person who practices physical therapy as defined in the chapter under the referral of a licensed practitioner;
A.C.A. § 17-93-102(2), prior to amendment by Act 744 of 1997 (emphasis added). Act 744 of 1997 amended the definition of "physical therapist" to state:
 "Physical therapist" means a person who practices physical therapy as defined in this chapter having successfully completed a curriculum of physical therapy as accredited by the Commission of Accreditation for Physical Therapy Education and having passed a nationally recognized licensing examination;
A.C.A. § 17-93-102, as amended by Act 744 of 1997.
The 1997 amendment to the definition of "physical therapist" removed the phrase "under the referral of a licensed practitioner."
The Arkansas Physical Therapy Act sets forth various grounds for the suspension or revocation of a physical therapist's license. Despite the amendment of the definition of "physical therapist," by Act 744 of 1997, as discussed above, A.C.A. § 17-93-308(a)(8) continues to state:
 (a) After due notice and hearing, the board may suspend, revoke, or refuse to renew the license of any person licensed under this chapter, or take other appropriate action against any person licensed under this chapter, who:
* * *
 (8) Has treated, or undertaken to treat, ailments of human beings otherwise than by physical therapy and as authorized by this chapter, or has undertaken to practice independent of the referral of a person licensed to practice medicine and surgery without limitation;
A.C.A. § 17-93-308(a)(8) (emphasis added).
The powers and duties of the Arkansas Code Revision Commission are set forth in A.C.A. § 1-2-303. Those powers and duties are expressly limited by the following provisions:
 (2) Except as provided in subdivision (d)(1) of this section, the wording, punctuation, and format of sections of acts shall appear in the Code exactly as enacted by the General Assembly.
 (3) No law may be removed from the Arkansas Code unless specifically repealed by the General Assembly.
A.C.A. § 1-2-303(d)(2)(3).
Because of the above-quoted express limitations on the Code Revision Commission's powers and duties, the Commission did not have the legal authority to remove the last phrase of A.C.A. § 17-93-308(a)(8) — despite the fact that leaving the phrase unchanged created a conflict between A.C.A. § 17-93-308(a)(8) and the amended definition of "physical therapist," as set forth in A.C.A. § 17-93-102(2) (as amended by Act 744 of 1997).
Nevertheless, it is my opinion that A.C.A. § 17-93-308(a)(8) can reasonably be interpreted as though its last phrase (i.e., the phrase "independent of the referral of a person licensed to practice medicine and surgery without limitation") to have been impliedly repealed by the general repealer clause of Act 744 of 1997. That clause stated: "All laws and parts of laws in conflict with this act are hereby repealed." Acts 1997, No. 744, § 5.
The last phrase of A.C.A. § 17-93-744 is clearly in conflict with the provision of Act 744 that removed the requirement that physical therapists practice "under the referral of a licensed practitioner." Although Arkansas law does not favor implied repeals, it will nevertheless recognize them in cases where the terms of the subsequent act are so inconsistent with the prior law that the two cannot stand together.Donoho v. Donoho, 318 Ark. 637, 887 S.W.2d 290 (1994); Thomas v. State,315 Ark. 518, 868 S.W.2d 85 (1994). Routh Wrecker Serv., Inc. v. Wins,312 Ark. 123, 847 S.W.2d 707 (1993). It is my opinion that the conflict between A.C.A. § 17-93-308(a)(8) and A.C.A. § 17-93-102(2) is such that both statutes cannot stand unless the language of A.C.A. §17-93-308(a)(8) is deemed to have been impliedly repealed by Act 744 of 1997.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh
[1] It should be noted that the referral of a physician is still required for "the therapeutic intervention of bronchopulmonary hygiene, and debridement and wound care, . . . prior to initiation of treatment." A.C.A. § 17-93-102(1)(B), as amended by Act 744 of 1997.