Jack Van DALEY *v.* STATE of Arkansas

CA CR 86-155                          725 S.W.2d 574

Court of Appeals of Arkansas
Division I
Opinion delivered March 4, 1987

*Smith & Drake*, by: *Mark D. Drake*, for appellant.

*Steve Clark*, Att'y Gen., by: *J. Blake Hendrix*, Asst. Att'y Gen., for appellee.

GEORGE K. CRACRAFT, Judge. Jack Van Daley appeals from his conviction of being a felon in possession of a firearm in violation of Ark. Stat. Ann. § 41-3103 (Repl. 1977). We find no merit in any of the four points for reversal advanced on appeal and affirm his conviction.

On March 19, 1985, police officers received a telephone call informing them that a man armed with a double-barreled shotgun had robbed the Sugar Shack Restaurant in Dermott, Arkansas. The police were also furnished the license number and a description of the vehicle in which the robber had fled, and the direction of his flight. This information was broadcast to officers throughout the area who were later informed that the license number reflected that the vehicle was owned by Jack Van Daley. Desha County Deputy Sheriffs Roy Fryer and Ed Gilbert were proceeding on Highway 159 when the appellant passed them going in the opposite direction. Both officers knew the appellant by sight and were familiar with the vehicle, which matched that described in the broadcast. They turned around and followed the vehicle. Because they had been informed that the occupant was armed with a shotgun, they approached the vehicle with guns drawn and handcuffed the appellant before doing anything else. One of the officers observed on the backseat of the car, in plain view, a double-barreled shotgun lying on top of a bicycle. He stated that he did not look for anything else in the car but did determine that the firearm was not loaded and took it into his possession.

The appellant was arrested and transported to the county jail but never charged or tried for the offense of armed robbery. As the appellant had been convicted of more than one prior felony, he was charged and then convicted of the offense of being a felon in possession of a firearm and this appeal followed.

Appellant first contends that the trial court erred in not suppressing evidence of the shotgun found in his possession. He argues that he had been arrested on suspicion of having committed the crime of armed robbery and, although conceding that the officers had probable cause to arrest him without a warrant for that offense, that they had no authority to search his person or

property to obtain evidence of offenses other than the one for which he was arrested. Relying upon A.R.Cr.P. Rule 12.1(d), he argues that officers impermissibly searched for and seized the shotgun from his vehicle. We find no merit in this contention for several reasons.

■ In the first place, there was no "search" of the appellant's vehicle such as falls within the fourth amendment prohibition. Appellant does not argue on appeal that probable cause was lacking for the stopping of his vehicle or his subsequent arrest for armed robbery, thus conceding that those actions on the part of the officers were not unlawful. Deputy Fryer testified that he noticed the shotgun lying in plain view on top of a bicycle in the back seat as he approached the appellant's vehicle. It is well settled that, where contraband articles are identified without a trespass on the part of the officer, there is no "search" that is prohibited by the constitution. *State* v. *Storey*, 272 Ark. 191, 613 S.W.2d 382 (1981); *Kelley* v. *State*, 261 Ark. 31, 545 S.W.2d 919 (1977); *Moore* v. *State*, 244 Ark. 1197, 429 S.W.2d 122 (1968), *cert. denied*, 393 U.S. 1063 (1969); *Russell* v. *State*, 240 Ark. 97, 398 S.W.2d 213 (1966).

■ Secondly, even if it could be said that the appellant's vehicle was searched, his argument would fail because of the plain terms of A.R.Cr.P. Rules 12.1(d) and 12.4(a). Rule 12.1(d) provides that an officer making a lawful arrest may, without a search warrant, conduct a search of the person or property of the accused "to obtain evidence of the commission of the offense for which the accused has been arrested or to seize contraband, the fruits of crime, or other things criminally possessed or used in conjunction with the crime." Rule 12.4(a), which is even more on point, provides:

> If, at the time of the arrest, the accused is in a vehicle or in the immediate vicinity of a vehicle of which he is in apparent control, and if the circumstances of the arrest justify a reasonable belief on the part of the arresting officer that the vehicle contains things which are connected with the offense for which the arrest is made, the arresting officer may search the vehicle for such things and seize any things subject to seizure and discovered in the course of the search.

Having had probable cause to arrest the appellant for having committed robbery while armed with a double-barreled shotgun, the officer had every right to seize the shotgun found in the appellant's car as being evidence of the commission of the offense and an item used in conjunction with that offense.

■ Furthermore, contrary to the appellant's contention, it was not error to refuse to suppress the shotgun in his trial for being a felon in possession of a firearm, despite the fact that the shotgun was originally seized as being evidence of an armed robbery. While Rules 12.1(d) and 12.4(a) limit the scope of a *search* to that for evidence connected with the offense for which one has been arrested, they do not so limit the items that can properly be *seized*. Those rules specifically provide that the arresting officer can seize contraband, the fruits of crime, and any other things criminally possessed which are discovered in the course of a proper search incident to arrest. Once such items are discovered, they may be seized and used as evidence without regard to whether they are connected with the offense for which the accused was initially arrested. *See also Holmes* v. *State*, 262 Ark. 683, 561 S.W.2d 56 (1978).

The sheriff's office, later determining that the reported armed robbery at the restaurant was the result of a domestic problem, did not charge appellant with the crime of armed robbery and released him from custody. However, an information charging him with being a felon in possession of a firearm was filed on March 22, 1985, and a bench warrant for his arrest issued. The warrant was not executed until April 26, 1985. The appellant contends that the delay between the time in which the warrant was issued and the arrest was made was deliberately intended to prejudice him.

■■ The issue of prosecutorial delay in execution of a warrant issued on probable cause was addressed by this court in *Forgy* v. *State*, 16 Ark. App. 76, 697 S.W.2d 126 (1985). There, we stated that due process considerations involved in the delay in obtaining an indictment and those involved in the execution of an arrest warrant require the application of the same principles. From those cases discussed in *Forgy*, it is clear that due process considerations do not arise until prejudice resulting from the delay is proven and it further appears that the State intentionally

delayed in the proceedings to obtain some tactical advantage over the accused. We have declared that mere delay is not sufficient grounds for aborting a criminal prosecution. The accused has the burden of first showing prejudice resulting from a loss of witnesses or physical evidence, or dimming memory. If the defendant establishes such prejudice, the burden then falls upon the State to satisfactorily explain the delay. The appellant argued that he possessed the gun because his wife, during a domestic quarrel at the restaurant, had threatened to kill him with it, and that the restaurant where the disturbance occurred was one in which people came and went. He argues that, if the authorities had arrested him on March 19, he could have contacted persons who witnessed the disturbance between he and his wife.

Although the appellant contends that the delay caused him to lose witnesses, and that this loss was prejudicial to his defense, he did not point out to the trial court, nor to us, any person he desired, but was unable, to call as a witness. From our examination of the record, we find nothing to indicate that there were any persons present at the time the disturbance took place other than the appellant, his wife, and his mother-in-law, Geneva Chance. All three of those persons testified during the trial, and none of them seemed to have had any loss of memory of the events that day. The five-week delay in executing the warrant did not violate the statute of limitations or violate the appellant's right to a speedy trial under A.R.Cr.P. Rule 28.1(a) and he has not demonstrated from the record that the delay was intentionally caused in order to gain a tactical advantage over him or that he was prejudiced in any way by it. We find no error.

The appellant next contends that the trial court erred in denying his motion for a mistrial. Glenda Van Daley, the appellant's wife, testified as a witness for the defense. She stated that she was the owner of the Sugar Shack Restaurant, and had borrowed the shotgun and taken it to the restaurant because "people got rowdy." On cross-examination, she was asked if there were other guns at that place on March 19. She indicated that her mother owned a .38 caliber revolver that was there at that time. She was asked:

> Q. On that date, on March 19, did she [the witness's mother, Geneva Chance] have a .38 caliber revolver?

A. Yeah.

Q. And where was it?

A. It was at the Shack too.

Q. Okay. And where was it?

A. I think Jack [appellant] had it.

The trial court sustained appellant's objection to this testimony and admonished the jury not to consider it, but denied his motion for a mistrial. As the appellant renewed his motion on the ground that the jury could not remove the remark from their memory, the court admonished them again and asked if they understood. There was no response from the jurors indicating that they did not understand the admonition.

A mistrial is an extreme and drastic remedy which should be resorted to only when there has been an error so prejudicial that justice cannot be served by continuing the trial and there is no other method by which the prejudice can be removed. When an objection is made by counsel and that objection is sustained and followed by an admonition by the presiding judge to the jury, the prejudicial statement is ordinarily cured. *Brewer* v. *State*, 269 Ark. 185, 599 S.W.2d 141 (1980). The trial judge is vested with considerable discretion in acting on motions for mistrial and his exercise of that discretion will not be reversed in the absence of manifest abuse. This broad discretion is vested in the trial court because of his superior position to judge the possibility of prejudice. *Drew* v. *State*, 8 Ark. App. 120, 648 S.W.2d 836 (1983). Here, the trial judge admonished the jury three times. He instructed them to disregard the statement at the time the initial motion for mistrial was made, and again after the appellant renewed his motion following the admonishment. At the conclusion of the testimony, the judge again instructed the jury that they must not question his rulings on the admissibility of evidence. Giving due deference to the superior position of the trial court to judge the possibility of prejudicial effect of the statement, we cannot conclude that the trial judge abused his discretion in denying the motion for mistrial.

The appellant finally contends that the trial court erred in refusing to quash the information or dismiss the charge against

him because the information which served as the basis for the arrest warrant was defective. In support of this contention, he makes two arguments: (1) the information which served as the basis for the issuance of the arrest warrant was not properly verified; and (2) the arrest warrant was not issued or approved by a judicial officer as required by Rule 7.1(c) of the Arkansas Rules of Criminal Procedure. We find no merit in either of these arguments.

■ Evidence was introduced showing that the information charging the appellant with the offense of possession of a firearm was mailed by the prosecuting attorney to the clerk's office. Although it was signed by him, it bore a verification of the clerk. It was shown that the prosecuting attorney was not in the presence of the clerk at the time the attestation was affixed. The appellant concedes that there is no statutory or constitutional requirement that an information be filed under oath and the fact that it is not sworn to does not render it insufficient. *Ryan* v. *State*, 260 Ark. 270, 538 S.W.2d 702 (1976); *Bazzel* v. *State*, 222 Ark. 473, 261 S.W.2d 541 (1953). As best we can determine, he argues that, even though it is not required that the information be sworn to, the fact that it was sworn to erroneously somehow affected its validity. We do not agree. Ark. Stat. Ann. § 43-1012 (Repl. 1977) provides that an information will not be affected by a defect which does not tend to prejudice the substantial rights of the defendant on the merits. The appellant does not point out any other defect in the information which would require that it be quashed or any way in which he was prejudiced by the action of the prosecuting attorney or clerk regarding the information.

We likewise find no merit in the appellant's argument that the charge against him should have been dismissed because a judicial officer did not issue or authorize the circuit clerk's issuance of the arrest warrant. The warrant for the appellant's arrest was issued by the Desha County Circuit Clerk's office upon receiving the information in the mail. The clerk of that court testified that it was the normal procedure for his office to automatically issue a bench warrant whenever it received an information. While A.R.Cr.P. Rule 7.1(c) contemplates that a judicial officer issue an arrest warrant, or that the circuit clerk do so if authorized by a judicial officer, it is not necessary to our decision to reach the question of whether the procedure followed

here renders such a warrant unlawful. Even were we to assume that this warrant was improperly issued, and the appellant's subsequent arrest unlawful, that would not preclude the appellant's trial for the offense charged.

The only purpose of an arrest warrant is to have an accused arrested and brought before the justice or other officer issuing the warrant so that he may be dealt with according to law. When that has been done, the warrant has performed its function and has no operation whatever on the subsequent proceedings. *Dudney* v. *State*, 136 Ark. 453, 206 S.W. 898 (1918); *Watson* v. *State*, 29 Ark. 299 (1874). The appellant cannot challenge his own presence at trial or claim immunity to prosecution simply because his appearance was precipitated by an unlawful arrest. An illegal arrest, without more, has never been viewed as either a bar to subsequent prosecution or a defense to a valid conviction. *United States* v. *Crews*, 445 U.S. 463 (1980); 5 Am. Jur. 2d *Arrest* § 116 (1962). In *Crews*, 445 U.S. at 474, the Supreme Court stated:

> The exclusionary principle of *Wongsun* and *Silverthorne Lumber Company* delimits that proof the Government may offer against the accused at trial, closing the courtroom door to evidence secured by official lawlessness. Respondent is not himself a suppressible "fruit," and the illegality of his detention cannot deprive the Government of the opportunity to prove his guilt through the introduction of evidence wholly untainted by police misconduct.

The appellant's reliance upon *Webb* v. *State*, 269 Ark. 415, 601 S.W.2d 848 (1980), is misplaced. In that case, the court held that, where an arrest warrant is defective and invalid due to the fact that the clerk was not authorized to issue it, any evidence discovered as a result of a search incident to the arrest be suppressed as fruit of the poisonous tree. Here, there was no evidence disclosed or sought to be introduced which was discovered as a result of the execution of the warrant. The police and prosecutor had already obtained the evidence in a manner which is conceded to have been lawful.

Moreover, regardless of whether the information or warrant were defective, a warrant was not required for the appellant's arrest on charges of being a felon in possession of a

firearm, a class D felony under Ark. Stat. Ann. § 41-3103 (Repl. 1977). Rule 4.1(a) of the Arkansas Rules of Criminal Procedure provides that a law enforcement officer may arrest a person without a warrant if he has reasonable cause to believe that that person has committed a felony. Rule 4.1(d) provides:

> A warrantless arrest by an officer not personally possessed of information sufficient to constitute reasonable cause is valid where the arresting officer is instructed to make the arrest by a police agency which collectively possesses knowledge sufficient to constitute reasonable cause.

Here, when the appellant was initially arrested for armed robbery, the shotgun in his possession was properly seized by Deputy Sheriff Roy Fryer. Deputy Fryer testified at the appellant's trial for being a felon in possession of a firearm that he knew the appellant and knew he was a convicted felon even before arresting him for armed robbery. Thus, considering the collective information of the sheriff's department at the time of the appellant's second arrest, it is clear that there was sufficient reasonable cause to believe he had committed a felony to support a *warrantless* arrest. Any possible defect in either the information or warrant would therefore not render his arrest unlawful.

Affirmed.

CORBIN, C.J., and JENNINGS, J., agree.