Linda BONEBRAKE *v.* STATE of Arkansas

CACR 94-1100                                        911 S.W.2d 261

Court of Appeals of Arkansas
Division II
Opinion delivered December 6, 1995

*Paul H. Lee*, for appellant.

*Winston Bryant*, Att'y Gen., by: *David R. Raupp*, Asst. Att'y Gen., for appellee.

JOHN MAUZY PITTMAN, Judge. Linda Bonebrake appeals from her conviction at a jury trial of possession of a controlled substance (cocaine) with intent to deliver. She was sentenced to twenty years in the Arkansas Department of Correction and fined $2,000.00. She argues that the trial court erred in denying her motion to suppress evidence obtained from a search that she contends was not incident to a lawful arrest. We affirm.

Officer Kurt Spears of the Dardanelle Police Department testified that he was called to assist appellant who had locked her keys in her car. When he arrived, appellant's nine-year-old daughter, Mindy, told him that her mother's keys were locked in her mother's car. Officer Spears testified that appellant was in the lobby of Wal-Mart, that he recognized her from a previous arrest, and that he was aware of her general background. After confirming ownership of the vehicle, appellant accompanied Officer Spears to the vehicle. An information check indicated that the license was registered to a different vehicle. A ACIC check revealed that there were outstanding arrest warrants issued against appellant for hot check violations. Officer Spears placed appellant under arrest, patted her down, searched her pockets, and placed her in the patrol car. While appellant was seated, her daughter brought appellant's purse to her. Appellant said, "No, get that away, get it out of here." Officer Spears testified that he stated to appellant's daughter, "No, just leave it here; she might need that." Appellant took the purse from her daughter. Officer Spears asked her if it contained a weapon. When he searched the purse to confirm her denial, he discovered self-closing plastic

baggies containing a white powdery substance, which later proved to be cocaine.

Appellant argues that seizure of her purse as part of a search incident to her arrest was improper because it was not in her possession at the time of her arrest. We find no error.

■ Arkansas Rule of Criminal Procedure 12.1 permits an officer making a lawful arrest to conduct a search, without a warrant, of a person or his property to protect the officer, to prevent the accused's escape, or to obtain evidence of the commission of an offense for which the accused is arrested or to seize contraband or fruits of the crime. Moreover, a search incident to an arrest may be made whether or not there is probable cause to believe that the person arrested may have a weapon or is about to destroy evidence. *U.S.* v. *Chadwick*, 433 U.S. 1 (1977). A search incident to an arrest must be substantially contemporaneous with the arrest and not remote in time and place. *Jones* v. *State*, 246 Ark. 1057, 441 S.W.2d 458 (1969). Thus, a search may be made only of the area within the immediate control of the person arrested, which has been held to be the area from within which he might gain possession of a weapon or destructible evidence. *Crow* v. *State*, 306 Ark. 411, 814 S.W.2d 909 (1991) (citing *Chimel* v. *California*, 395 U.S. 752 (1969)).

■ Relying on *U.S.* v. *Rothman*, 492 F.2d 1260 (9th Cir. 1973), appellant argues that the police cannot arrest her and then bring her into contact with possessions which are unrelated to her arrest and not within her immediate possession. Appellant cites *U.S.* v. *Wright*, 577 F.2d 378 (6th Cir. 1978), where the court ruled as impermissible a search, incident to arrest, of the defendant's luggage, which was not present at the time of arrest and was in the custody of an airline. The court said the only reason the luggage was near the defendant was because the officer obtained the luggage and placed it there. Similarly, appellant relies on *U.S.* v. *Perea*, 986 F.2d 633 (2nd Cir. 1993), where the court struck down a search of the defendant's duffel bag in the car trunk because the officers could not justify the search as incident to arrest by bringing the item they wished to search near the arrestee. However, these cases are distinguishable from the case now before us. Here, Officer Spears did not bring appellant's purse to her or manipulate her to be in the vicinity of her

purse. Without the officer's initiation or instruction, appellant's daughter brought the purse to her, Officer Spears stated that she may need it, and appellant chose to take it. *See also U.S. v. Jeffers*, 524 F.2d 253 (7th Cir. 1975) (search incident to arrest upheld when arrestee sought to give purse to her mother and officer told her that she would need to keep it with her). This case is not one in which an officer arranged an incident-to-arrest exception by bringing an item into the area of an arrestee for the purpose of a search.

Appellant also argues that the evidence should have been suppressed because it was unrelated to the offense for which she was arrested (hot check violations). Arkansas Rule of Criminal Procedure 12.1(d) limits the scope of a search for evidence connected with the offense for which one is arrested, but does not limit the items that may be properly seized. *Van Daley v. State*, 20 Ark. App. 127, 725 S.W.2d 574 (1987). The rule allows the arresting officer to seize contraband, the fruits of crime, and any other things criminally possessed which are discovered during a proper search incident to arrest. Once such items are discovered, they may be seized and used as evidence without regard to whether they are connected with the offense for which the accused was initially arrested. *Id.*

In reviewing a trial court's decision to deny an appellant's motion to suppress evidence, this court makes an independent determination based on the totality of the circumstances and reverses the decision only if it is clearly against the preponderance of the evidence. *Myers v. State*, 46 Ark. App. 227, 878 S.W.2d 424 (1994). We cannot say that the court's denial of appellant's motion to suppress is clearly erroneous.

Affirmed.

JENNINGS, C.J., and COOPER, J., agree.