Otha Lee BENSON *v.* STATE of Arkansas

CR 03-1095                                      160 S.W.3d 341

Supreme Court of Arkansas
Opinion delivered April 22, 2004

*Christopher W. Hays, P.A.*, for appellant.

*Mike Beebe*, Att'y Gen., by: *David J. Davies*, Ass't Att'y Gen., for appellee.

BETTY C. DICKEY, Chief Justice. The appellant, Otha Lee Benson, was convicted of the rape of Shetrina Lakeesha McCoy and sentenced to life in prison. He appeals: (1) challenging the sufficiency of the evidence, and (2) contending the prejudicial effect of his prior convictions outweighed their probative value. Because this is a criminal appeal in which the death penalty or life imprisonment has been imposed, jurisdiction is proper pursuant to Ark. Sup. Ct. R. 1-2(a)(2). We hold that Benson's points are without merit, and we affirm.

## Facts

On September 2, 2002, the appellant, Otha Lee Benson, called the victim, Ms. McCoy, and asked her to meet him at her house on North Martin Street in Warren, Arkansas. Benson told her that her estranged boyfriend, Freddie Hampton, wanted to talk to her. When she arrived at her house, she found Benson waiting on her porch. He asked for a glass of water, and then he followed her into the house, forced her into the bedroom, and began attacking her. The victim claimed that Benson pinned her down by placing his knee on her chest, pulled her clothes off, and raped her. She testified that she yelled for help, bit Benson's thumb, and told him to get off her.

Immediately following the attack, Benson headed for the door, and Ms. McCoy followed him outside. She noticed a police

officer driving past her house and yelled "help, rape!" Officer Heath Edins of the Warren Police Department stopped and exited his vehicle, approached the victim, and asked what was wrong. The officer testified that the victim had a little bit of blood on her lip and that her lip was swollen. The victim reported that Benson had followed her into her house and raped her. Officer Edins placed Benson under arrest for rape. The officer noticed that Benson had blood on his shirt. In addition to Benson's shirt, the officer seized his pants and the sheets from the victim's bed as evidence. The officer did not recall seeing any marks on Benson. The victim was taken to the Bradley County Medical Center where she was examined by Dr. Robert A. Floss. The doctor performed a rape exam on her, and he noted that she had no physical injuries.

At trial, Benson filed a motion in limine, alleging that under Rule 609(a) of the Arkansas Rules of Evidence the admission of his prior convictions for rape, kidnapping, and aggravated robbery would be more prejudicial than probative. The trial court denied Benson's motion. Benson moved for a directed verdict at the end of the State's case in chief, after the defense rested, and again at the close of all evidence. The trial court denied all of the motions for directed verdict. A Bradley County jury convicted Benson of rape and sentenced him to life in prison. This appeal follows.

### Standard of Review

Motions for directed verdict are challenges to the sufficiency of the evidence. *Tester v. State*, 342 Ark. 549, 30 S.W.3d 99 (2000). When reviewing the denial of a directed verdict motion, the appellate court will look at the evidence in the light most favorable to the State, considering only the evidence that supports the verdict and will affirm if there is substantial evidence to support the jury's conclusion. *Burmingham v. State*, 342 Ark. 95, 27 S.W.3d 351 (2000). Substantial evidence is that which is forceful enough to compel reasonable minds to reach a conclusion one way or the other and permits the trier of fact to reach a conclusion without having to resort to speculation or conjecture. *Greene v. State*, 335 Ark. 1, 977 S.W.2d 192 (1998).

### Directed Verdict

Benson first contends that there was insufficient evidence to support his conviction of rape. He bases this assertion on the fact that, even though the victim alleged that Benson beat her with his

fists and pinned her down with his knee, Dr. Floss found no evidence of blood, bruises, scratches, or any other physical injury on the victim. Benson also points to the fact that the arresting officer did not notice any marks on him. In addition, Benson attacks the victim's credibility by noting her own previous felony convictions on two counts of second degree battery, three counts of breaking and entering, and one count of theft by receiving. Benson argues that, based on these facts, the victim's testimony was suspect at best, and the jury must have resorted to conjecture or speculation in order to reach the conclusion that he was guilty of rape. We disagree.

■■ In order to convict the appellant of rape, the State had to show that Benson engaged in sexual intercourse or deviate sexual activity with another person by forcible compulsion. Ark. Code Ann. § 5-14-103(a)(1)(A) (Supp. 2003). The criminal code defines sexual intercourse as penetration, however slight, of the labia majora by a penis. Ark. Code. Ann. § 5-14-101(10) (Supp. 2003). Forcible compulsion is defined as physical force or a threat, express or implied, of death or physical injury to or kidnaping of any person. Ark. Code Ann. § 5-14-101(2) (Supp. 2003). It is well-established law that the uncorroborated testimony of a rape victim is sufficient to support a conviction if the testimony satisfies the statutory elements of rape. *Butler v.* State, 349 Ark. 252, 82 S.W.3d 152 (2002); *Williams v. State,* 331 Ark. 263, 962 S.W.2d 329 (1998); *Davis v. State,* 330 Ark. 501, 956 S.W.2d 163 (1997). Moreover, inconsistencies in the testimony of a rape victim are matters of credibility for the jury to resolve. *Id.*

■■ The victim testified that Benson forcibly held her down and penetrated her with his penis. In addition, while the doctor may not have noticed any signs of physical injury on the victim by the time he examined her, immediately after the attack, the arresting officer did notice that she had blood on her lip and that her lip was slightly swollen. Moreover, the officer noticed that Benson's shirt had blood on it. This court has held that it is within the province of the jury to accept or reject testimony as it sees fit. *Riggins v. State,* 317 Ark. 636, 882 S.W.2d 664 (1994). The jury was certainly within its right to believe the officer's testimony indicated force was used. Accordingly, we hold that the evidence presented at trial is sufficient to support Benson's conviction, and we affirm the trial court on this point.

## Motion in Limine

■■ For his second point on appeal, Benson argues that the trial court erred in denying his motion in limine to exclude the mention of his prior felony convictions on the grounds that their probative value would be outweighed by their prejudicial effect. His claim is without merit. Rule 609(a) of the Arkansas Rules of Evidence provides:

> Rule 609. Impeachment by evidence of conviction of crime.
>
> (a) General Rule. For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted but only if the crime (1) was punishable by death or imprisonment in excess of one [1] year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to a party or a witness, or (2) involved dishonesty or false statement, regardless of the punishment.

Ark. R. Evid. 609(a). There is no question that the appellant's past convictions for rape, kidnapping, and aggravated robbery were punishable by more than one year in prison and, thus, subject to the impeachment provisions of Rule 609. Moreover, it is well-established that the State has a right to impeach the credibility of a witness with prior convictions under Rule 609 of the Arkansas Rules of Evidence. *Turner v. State*, 325 Ark. 237, 926 S.W.2d 843 (1996). The trial court has considerable discretion in determining whether the probative value of prior convictions outweighs their prejudicial effect, and that decision will not be reversed absent an abuse of discretion. *Id.*

■■ The admissibility of prior convictions must be decided on a case-by-case basis. *Thomas v. State*, 315 Ark. 518, 868 S.W.2d 85 (1994). In denying Benson's motion in limine in the case *sub judice*, the trial court weighed the probative value of the appellant's prior convictions against any possible prejudice and concluded that should he take the stand, his prior convictions could be used against him for impeachment purposes.

In furthering his assertion that any probative value of his prior convictions would be outweighed by their prejudicial effect, Benson relies upon *Jones v. State*, 274 Ark. 379, 625 S.W.2d 471(1981). In *Jones*, the appellant was charged with sexual assault

of a nine-year-old child. Jones had previously pleaded *nolo contendere* to the charge of raping another little boy, and he had convictions for other crimes, burglary and theft, that were not identical to the one with which he was currently being charged. In *Jones*, we held that proof of still a third conviction, for a similar sexual assault upon a little boy, would have been of scant probative value as compared to its significantly prejudicial effect on the jury. In the instant case, Benson contends that not only was the probative value of his prior convictions outweighed by their prejudicial effect, but because the trial court ruled the prior convictions admissible, he found it impossible to take the stand for fear of being impeached with them.

Benson's reliance upon *Jones* is misplaced. The accused has the right to choose whether to testify on his own behalf, *Moore v. State*, 244 Ark. 1197, 429 S.W.2d 122 (1968), and counsel may only advise the accused in making this decision. *Watson v. State*, 282 Ark. 246, 667 S.W.2d 953 (1984). If a defendant chooses to testify, we have consistently permitted prior convictions to be used for impeachment even when those convictions are similar to the charges being tried. *Griffin v. State*, 307 Ark. 537, 823 S.W.2d 446 (1992). Moreover, in *Turner v. State, supra,* we expressly overruled *Jones* in holding that, under Rule 609, we could perceive of no justification for disallowing the use of crimes, even those of a unique perversion, for the purpose of attacking the credibility of a defendant who takes the stand.

Benson hinges this entire argument on the *Jones* case, which was expressly overruled on this point in *Turner v. State, supra.* This court has held that we will not consider an argument that presents no citation to authority or convincing argument. *Kelly v. State*, 350 Ark. 238, 85 S.W.3d 893 (2002); *see also Hollis v. State*, 346 Ark. 175, 55 S.W.3d 756 (2001). Because Benson's argument is solely predicated on a case that has been overruled, we decline to address this argument on appeal, and affirm the trial court's ruling on this point as well.

### Rule 4-3(h) Review

The record has been examined in accordance with Ark. Sup. Ct. R. 4-3(h), and the objections have all been abstracted and certified by the State. There are no other rulings adverse to the appellant which constituted prejudicial error.

Affirmed.