Virgil McDUFFY *v.* STATE of Arkansas

CR 04-465 196 S.W.3d 12

Supreme Court of Arkansas
Opinion delivered October 14, 2004

*Gary W. Potts*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.

R OBERT L. BROWN, Justice. Appellant Virgil McDuffy appeals from the circuit court's judgment and commitment order in which he was convicted of rape and sentenced to life imprisonment. He argues these points on appeal: (1) the circuit court erred in denying his proffered jury instruction on the lesser-included offense of sexual misconduct; and (2) the circuit court erred in denying his motions for directed verdict, because there was insufficient evidence to prove that the victim was under the age of fourteen when the offense occurred. We affirm the judgment.

The facts related to the jury are that C.W., a male, was born on February 19, 1986. In March or April 1999, C.W. moved from Tampa, Florida, where he was living with his mother, Sheila Bevel, to live with his aunt, Claudette Reed, in Dumas. McDuffy was living with Ms. Reed in her home. C.W. testified that

beginning in June or July 1999, McDuffy made C.W. put his mouth on McDuffy's penis, and McDuffy put his mouth on C.W.'s penis. McDuffy also engaged in anal sex with C.W. Ms. Reed and McDuffy later had a falling out over other matters, and she moved to Tampa to be with her sister in August 1999. C.W. remained in Dumas with McDuffy.

On March 12, 2003, Investigator Houston Talley, a member of the crimes against children division of the Arkansas State Police, interviewed McDuffy after he waived his *Miranda* rights. Investigator Talley testified that McDuffy confessed to engaging in oral and anal sex with a thirteen-year-old boy, R.V. On March 20, 2003, after waiving his *Miranda* rights, McDuffy gave a taped statement to Investigator Talley that several times he had engaged in oral and anal sex with C.W.

On May 7, 2003, the State filed a criminal information charging McDuffy with rape by engaging on multiple occasions in deviate sexual activity with a child less than fourteen years old. On May 8, 2003, the State filed an amended information charging McDuffy with rape but stated that the crime was punishable by life imprisonment, because McDuffy had been convicted twice of the same offense.

On January 28, 2004, Mr. Duffy was tried before a jury. At trial, C.W. testified that he was born on February 19, 1986, and that he had engaged in sexual activity with McDuffy beginning sometime within the first four months that he arrived in Dumas, which was in March or April of 1999. The State introduced as evidence the taped interview between McDuffy and Investigator Talley in which McDuffy confessed to oral and anal sex with C.W. In the statement, McDuffy stated that the sex occurred after Ms. Reed moved to Tampa.

McDuffy submitted a motion and a renewed motion for directed verdict for insufficient evidence (1) that sexual contact or deviate sexual activity occurred between McDuffy and C.W. and (2) that C.W. was less than fourteen years old at the time of the alleged sexual deviate acts. The court denied both motions.

At the end of the testimony, McDuffy proffered the following jury instructions, which the circuit court had refused to give to the jury:

## AMCI 2d 301
## LESSER INCLUDED OFFENSES:
## INTRODUCTORY INSTRUCTION

Virgil McDuffy is charged with Rape. This charge includes the lesser offense of Sexual Misconduct.

You may find the defendant guilty of one of these offenses or you may acquit him outright.

If you have a reasonable doubt of the guilt of the defendant on the greater offense, you may find him guilty only of the lesser offense. If you have a reasonable doubt as to the defendant's guilt of both offenses, you must find him not guilty.

## AMCI 2d 1405–OBS
## SEXUAL MISCONDUCT

To sustain this charge the State must prove the following things beyond a reasonable doubt:

First: That Virgil McDuffy engaged in deviate sexual activity with C.W.; and

Second: That C.W. at the time of the alleged offense was less than 16 years old.

The jury found McDuffy guilty of rape, and he was sentenced to life in prison. The circuit court entered its judgment and commitment order accordingly.

McDuffy first contends that the evidence of his guilt was insufficient. Specifically, he claims that the circuit court's denial of his motions for directed verdict was clearly against the weight of the evidence, because the State failed to prove beyond a reasonable doubt that C.W. was less than fourteen years old at the time of the offense. McDuffy maintains that C.W. never testified specifically that he was less than fourteen years old at the time of the offense, and the evidence presented by other witnesses was inconclusive.

■■ Motions for directed verdict are challenges to the sufficiency of the evidence. See Benson v. State, 357 Ark. 43, 160 S.W.3d 341 (2004). When reviewing the denial of a directed

verdict motion, this court will look at the evidence in the light most favorable to the State, considering only the evidence that supports the verdict, and we will affirm the judgment if there is substantial evidence to support the jury's conclusion. *See id.* Substantial evidence is that evidence which is forceful enough to compel reasonable minds to reach a conclusion one way or the other and which permits the trier of fact to reach a conclusion without having to resort to speculation or conjecture. *Id.*

■ Because of double jeopardy concerns, this court must first address a challenge to the sufficiency of the evidence. *See Standridge v. State,* 357 Ark. 105, 161 S.W.3d 815 (2004). Thus, this court must first consider McDuffy's second argument.

■■ With regard to a rape conviction, the testimony of a rape victim, standing by itself, constitutes sufficient evidence to support a conviction. *See Pinder v. State,* 357 Ark. 275, 166 S.W.3d 49 (2004); *Hanlin v. State,* 356 Ark. 516, 157 S.W.3d 181 (2004). Furthermore, even though appellant denied the allegations, the jury is not required to believe the appellant's self-serving testimony. *See Pinder v. State, supra.*

McDuffy was charged by amended information with rape by engaging in "deviate sexual activity" with a child less than fourteen years old in violation of § 5-14-103. At the time of the alleged offense, § 5-14-103(a)(4) read in part:

> (a) A person commits rape if he engages in sexual intercourse or deviate sexual activity with another person:
>
> . . .
>
> (4) Who is less than fourteen (14) years of age. It is an affirmative defense to prosecution under this subdivision that the actor was not more than two (2) years older than the victim[.]

Ark. Code. Ann. § 5-14-103(a)(4) (Repl. 1997).

> "Deviate sexual activity" is defined as any act of sexual gratification involving:
>
> (A) The penetration, however slight, of the anus or mouth of one person by the penis of another person; or
>
> (B) The penetration, however slight, of the labia majora or anus of one person by any body member or foreign instrument manipulated by another person[.]

Ark. Code Ann. § 5-14-101(1) (Repl. 1997).

At trial, C.W. testified that he was born on February 19, 1986. C.W. further testified that he moved to Dumas in March or April of 1999. He also testified that he began having oral sex with McDuffy in June or July 1999. McDuffy disputes the time frame of the sexual activity and claims that the sexual activity did not begin until after August 1999. Regardless, C.W. would still have only been thirteen years old at that time. Because testimony of the rape victim alone is sufficient to sustain a rape conviction, the evidence was sufficient for the jury to conclude without resorting to suspicion or conjecture that oral and anal sex was deviate sexual activity and that C.W. was thirteen years old when he and McDuffy engaged in this activity. We hold that the evidence was sufficient to sustain the judgment of conviction.

McDuffy next claims that the circuit court erred in refusing to instruct the jury on the lesser-included offense of sexual misconduct pursuant to Ark. Code Ann. § 5-14-107, because there was a rational basis for the instruction. McDuffy urges that there was evidence presented that C.W. was less than sixteen years old at the time of the offense and the jury should not be denied the possibility of alternative verdicts and sentencing. Additionally, McDuffy maintains that the failure to give the instruction was a "failure of due process and a miscarriage of justice."

We have repeatedly stated that it is reversible error to refuse to instruct on a lesser-included offense when there is the slightest evidence to support the instruction. *See, e.g., Pratt v. State*, 359 Ark. 16, 194 S.W.3d 183 (2004). However, we have made it clear that we will affirm a trial court's decision not to give an instruction on a lesser-included offense if there is no rational basis for giving the instruction. *See id.* Once an offense is determined to be a lesser-included offense, the circuit court is not obligated to instruct the jury on that offense unless there is a rational basis for a verdict acquitting the defendant of the offense charged and convicting him of the included offense. *See* Ark. Code Ann. § 5-1-110(c) (Repl. 1997).

As already noted, at the time of the crime in the instant case, the statute defined the apposite category of rape as engaging in deviate sexual activity with a person who is less than fourteen years of age. *See* Ark. Code Ann. § 5-14-103(a)(4) (Repl. 1997). Also at the time of the offense, sexual misconduct under Ark. Code Ann.

§ 5-14-107(a) read: "A person commits sexual misconduct if he engages in sexual intercourse or deviate sexual activity with another person not his spouse who is less than sixteen (16) years old." Ark. Code Ann. § 5-14-107(a) (Repl. 1997), *repealed by* Act 1738, § 9 of 2001.

 In order to be deemed a lesser-included offense, that offense must satisfy one of the three tests enumerated in Ark. Code Ann. § 5-1-110(b):

> (b) A defendant may be convicted of one offense included in another offense with which he is charged. An offense is so included if:
>
> (1) It is established by proof of the same or less than all the elements required to establish the commission of the offense charged; or
>
> (2) It consists of an attempt to commit the offense charged or to commit an offense otherwise included within it; or
>
> (3) It differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a lesser kind of culpable mental state suffices to establish its commission.

Ark. Code Ann. § 5-1-110(b) (Repl. 1997).

The State directs this court's attention to *Gaines v. State*, 354 Ark. 89, 118 S.W.102 (2003), as illustrative of a situation where we held that third-degree carnal abuse was not a lesser-included offense of rape. In *Gaines*, we concluded that third-degree carnal abuse was not a lesser-included offense of rape under § 5-1-110(b)(1), because the carnal abuse statute required certain elements for conviction that the rape statute did not. For example, we noted that the defendant must be twenty years old or older, that the victim must not be the defendant's spouse, and that the victim must be less than sixteen years old. *See Gaines v. State, supra.* None of those elements was required under the rape statute.

 In the case at bar, the same holds true. McDuffy was charged with committing rape by engaging in deviate sexual activity with another person who was less than fourteen years of age pursuant to § 5-14-103(a)(4). Sexual misconduct, however, as

defined under § 5-14-107(a), is not a lesser-included offense of rape under § 5-14-103(a)(4), because none of the three tests under § 5-1-110(b) are satisfied. The test under § 5-1-110(b)(1) is not satisfied, because the sexual misconduct statute requires additional elements to establish the commission of the offense charged. The test under § 5-1-110(b)(2) is not satisfied, because McDuffy was not charged with an attempt to commit rape. And the test under § 5-1-110(b)(3) is not satisfied, because the injury is the same under either sexual misconduct or rape and the culpable mental state is the same. We hold that sexual misconduct is not a lesser-included offense of rape. Accordingly, there was no abuse of discretion by the circuit court in denying the proffered instructions.

We have reviewed the record pursuant to Arkansas Supreme Court Rule 4-3(h) and found that one potentially prejudicial issue was not briefed by either party but was included in McDuffy's abstract. That issue was whether it was error for the circuit court to admit McDuffy's statement about sexual contact with another thirteen-year-old boy, R.V., that occurred two or three years after McDuffy's rape of C.W.

▇▇▇▇▇ We conclude there was no abuse of discretion. In *Hernandez v. State,* 331 Ark. 301, 962 S.W.2d 756 (1998), this court ruled, based on the pedophile exception, that it was not an abuse of discretion for a court to allow a witness to testify that the accused committed sexual misconduct with her two years after committing rape with the victim in the case. In dismissing the appellant's objection to the order of the offenses, this court stated that the basis of the pedophile exception is the acceptance of the notion that evidence of sexual acts with children may be shown as evidence demonstrating a particular proclivity or instinct for pedophilia. And in this case, the court accepted the testimony for the limited purpose of showing proclivity. *Hernandez* governs the instant case because that proclivity clearly was the basis for the circuit court's ruling, and the circuit court in the instant case allowed the testimony for the purpose of showing proclivity. Moreover, the circuit court concluded that the probative value of the R.V. testimony outweighed the danger of unfair prejudice.

Affirmed.