Cite as 2023 Ark. App. 75

# ARKANSAS COURT OF APPEALS
DIVISION III
No. CR-22-308

| | |
|---|---|
| CHRISTOPHER DOUGAN<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | Opinion Delivered February 15, 2023<br><br>APPEAL FROM THE HOWARD COUNTY CIRCUIT COURT<br>[NO. 31CR-20-27]<br><br>HONORABLE TOM COOPER, JUDGE<br><br>AFFIRMED |

**STEPHANIE POTTER BARRETT, Judge**

Appellant Christopher Dougan appeals his convictions by a Howard County Circuit Court jury of possession of methamphetamine and possession of drug paraphernalia. He was sentenced to serve a cumulative term of eight years in the Arkansas Department of Correction and fined $8,000. On appeal, Mr. Dougan challenges the sufficiency of the evidence supporting his convictions, and he additionally argues the circuit court erred in denying his motion to suppress because the evidence was obtained through an illegal search and seizure. We affirm.

This appeal arises from events that took place on February 19, 2020, when Nashville Police Department Officer Jarrett Rogers performed a routine traffic stop of a vehicle in which Mr. Dougan was a passenger. Following the traffic stop, Officer Rogers discovered Mr. Dougan had an outstanding warrant for his arrest in Texas. Officer Rogers located Mr.

Dougan at a friend's apartment and took him into custody for the outstanding warrant. While walking to Officer Rogers's patrol car, Mr. Dougan asked to retrieve his money from the apartment. Officer Rogers informed Mr. Dougan that because he was under arrest, he could not go back inside the apartment and offered to get Mr. Dougan's money for him. Mr. Dougan agreed. Officer Rogers informed the occupants of the apartment he needed Mr. Dougan's money and was handed a jacket that Mr. Dougan confirmed was his. Officer Rogers looked through the coat to locate Mr. Dougan's money, and in addition to finding the money and Mr. Dougan's identification, Officer Rogers discovered a glass pipe wrapped in a paper towel and a black bag containing a Camel tobacco can that contained a quantity of suspected methamphetamine. On March 6, 2021, the State charged Mr. Dougan with one count of possession of methamphetamine and one count of possession of drug paraphernalia. Mr. Dougan filed a motion to suppress the evidence supporting his charges, arguing the search of the jacket and the seizure of the pipe and suspected methamphetamine were illegal for two reasons: (1) Officer Rogers did not have consent to search the jacket; and (2) because the jacket was not in Mr. Dougan's possession at the time of the arrest or afterwards, a search for weapons and officer safety under *Terry v. State*, 2018 Ark. App. 435, 559 S.W.3d 301, was not appropriate. The circuit court denied Mr. Dougan's motion to suppress at a pretrial hearing held on September 29, 2021.

A jury trial was held on October 26, 2021. Officer Rogers testified that Investigator Mark Barnes had arrived at the scene of Mr. Dougan's arrest to provide him with back up, and he had waited with Mr. Dougan while Officer Rogers retrieved the money from the

2

apartment. Officer Rogers testified, "Inside the jacket was Mr. Dougan's money that he asked for. Also, his identification was in there and that's when I located the methamphetamine and the paraphernalia." When asked if Mr. Dougan was wearing the coat that contained the methamphetamine and drug paraphernalia during the traffic stop, he testified Mr. Dougan was not. Investigator Barnes testified that when Officer Rogers began searching the jacket, Mr. Dougan started walking toward him, not aggressively, but in a manner that suggested he was trying to take the jacket from Officer Rogers.[1]

At the conclusion of the State's case, Mr. Dougan's counsel moved for directed verdict, arguing the State had not proved Mr. Dougan was in "actual and/or constructive possession of paraphernalia or the drugs themselves." The circuit court denied Mr. Dougan's motion for directed verdict.

The defense then presented its case, beginning with the testimony of Mr. Dougan. He testified the warrant Officer Rogers initially arrested him for was for testosterone, and he had pled guilty to that charge. Mr. Dougan testified he agreed to allow Officer Rogers to retrieve his money from the apartment, and when Officer Rogers returned with the jacket, Mr. Dougan informed Officer Rogers the jacket was not his. He testified that when Officer Rogers started checking the pockets of the jacket and discovered the Camel tobacco tin containing the suspected methamphetamine, he again informed Officer Rogers the jacket

---

[1]Lauren McDonald, chief forensic chemist at the Arkansas State Crime Laboratory, testified the materials in Mr. Dougan's case confirmed the presence of 0.0918 grams of methamphetamine.

and its contents were not his. Mr. Dougan testified that he and one of the male occupants from the apartment had the same jacket, and he had tried the jacket on for Officer Rogers to demonstrate the jacket was too big for him. He further testified he did not know how his money and identification got into the jacket. However, on cross-examination, Mr. Dougan admitted to writing a letter to the State where he stated it was a possibility he had put his money and identification in the jacket pocket.

After the defense rested its case, Mr. Dougan renewed his motion for directed verdict, which the circuit court again denied. The jury convicted Mr. Dougan of the charges of possession of methamphetamine and possession of drug paraphernalia and recommended a sentence of four years in the Arkansas Department of Correct and a $4,000 fine on each count. The circuit court then sentenced Mr. Dougan accordingly and ordered the sentences to be served consecutively.

Motions for directed verdict are challenges to the sufficiency of the evidence. *Benson v. State*, 357 Ark. 43, 160 S.W.3d 341 (2004). Although Mr. Dougan challenges the sufficiency of the evidence in his second point on appeal, double-jeopardy considerations require this court to consider a challenge to the sufficiency of the evidence prior to the other issues on appeal. *Halliburton v. State*, 2020 Ark. 101, 594 S.W.3d 856. When reviewing the denial of a directed-verdict motion, this court will look at the evidence in the light most favorable to the State, considering only the evidence that supports the verdict, and will affirm if there is substantial evidence to support the jury's conclusion. *Benson*, 357 Ark. 43, 160 S.W.3d 341. Substantial evidence is that which is forceful enough to compel reasonable

4

minds to reach a conclusion one way or the other and permits the trier of fact to reach a conclusion without having to resort to speculation or conjecture. *Id.*

Under Arkansas law, possession may be established by proof of actual possession or constructive possession. *Martin v. State*, 2019 Ark. App. 509, 587 S.W.3d 623. Actual possession occurs when a defendant has actual physical possession of contraband. *Id.* However, to prove constructive possession of an illegal substance, the State must establish that the defendant exercised care, control, and management over the contraband. *Id.*

Because Mr. Dougan did not physically possess the jacket containing the methamphetamine and drug paraphernalia when it was discovered, the State was required to prove he constructively possessed it. We hold there was sufficient evidence Mr. Dougan constructively possessed the jacket containing the contraband. The testimony at trial established that in addition to the illegal contraband found in the jacket, Mr. Dougan's money and identification were inside the pockets. Further, both Officer Rogers and Investigator Barnes testified Mr. Dougan confirmed the jacket was his. While Mr. Dougan testified the jacket and the contraband were not his, it is well settled that the credibility of witnesses is an issue for the jury and not the appellate court. *Airsman v. State*, 2014 Ark. 500, 451 S.W.3d 565. Furthermore, the jury is free to believe all or part of any witness's testimony and may resolve questions of conflicting testimony and inconsistent evidence. *Id.* In doing so, the jury may choose to believe the State's account of the facts rather than the defendant's account. *Id.* Therefore, viewing the evidence in the light most favorable to the verdict, we

cannot say the circuit court erred in denying Mr. Dougan's motion for directed verdict. *See Benson*, 357 Ark. 43, 160 S.W.3d 341.

Mr. Dougan next contends the circuit court erred in denying his motion to suppress the contraband found in the jacket because it was obtained through an illegal search and seizure. This court reviews a circuit court's denial of a motion to suppress de novo, looking at the totality of the circumstances, reviewing the circuit court's findings of fact for clear error, and giving due deference to inferences drawn by the circuit court. *Bedsole v. State*, 104 Ark. App. 253, 290 S.W.3d 607 (2009). The circuit court's ruling will be reversed only if it was clearly against the preponderance of the evidence. *Willoughby v. State*, 76 Ark. App. 329, 65 S.W.3d 453 (2002). An officer making a lawful arrest is permitted to conduct a search without a warrant of a person or his property to protect the officer, to prevent the accused's escape, or to obtain evidence of the commission of an offense for which the accused is arrested or to seize contraband or fruits of the crime. Ark. R. Crim. P. 12.1. Moreover, a search incident to an arrest may be made whether or not there is probable cause to believe the person arrested may have a weapon or is about to destroy evidence. *Bonebrake v. State*, 51 Ark. App. 81, 83, 911 S.W.2d 261, 262 (1995). A search incident to arrest must be substantially contemporaneous with the arrest and not remote in time and place. *Id.* Thus, a search may be made only of the area within the immediate control of the person arrested, which has been held to be the area from within which he might gain possession of a weapon or destructible evidence. *Id.*

We conclude the evidence established by a preponderance of the evidence that Officer Rogers performed a permissible search incident to arrest. A search is valid as incident to a lawful arrest even if conducted before the actual arrest as long as the arrest and search are substantially contemporaneous and probable cause to arrest existed prior to the search. *Blockman v. State*, 69 Ark. App. 192, 11 S.W.3d 562 (2000). Here, Officer Rogers had probable cause to arrest Mr. Dougan due to the outstanding warrant in Texas, and he also had the authority to conduct a search incident to that arrest. Once the jacket came into Officer Rogers's possession, he was well within his right to conduct a search incident to arrest, as Rule 12.1 permits an officer to conduct a search without a warrant of an accused's property in order to protect the officer's safety. Further, Rule 12.1 allows the arresting officer to seize the contraband, the fruits of crime, and any other things criminally possessed that are discovered during a proper search incident to arrest. *Van Daley v. State*, 20 Ark. App. 127, 725 S.W.2d 574 (1987). Once Officer Rogers discovered the contraband contained inside the jacket, Rule 12.1(d) allowed the items to be seized and used as evidence without regard to whether they were connected with the offense for which Mr. Dougan was initially arrested. *Id.* Therefore, we hold the circuit court did not clearly err in denying Mr. Dougan's motion to suppress.

Affirmed.

ABRAMSON and GRUBER, JJ., agree.

*Knutson Law Firm*, by: *Gregg A. Knutson*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Clayton P. Orr*, Ass't Att'y Gen., for appellee.